## LAUD AND M'GEE *v.* JAMES MUIRHEAD.

1. MECHANICS' LIEN: WHAT BOUND BY: PARTIES.—The lien of a mechanic for the erection of a building only extends to, and binds the actual interest in the land of the person with whom he contracted: and such person is the only proper party defendant to a proceeding to enforce the lien. See 7 S. & M. 235; 8 Ib. 444, 754.
2. SAME.—In a proceeding to enforce a mechanics' lien, the rights of third parties to the land on which the building is erected cannot be inquired into, and it will, therefore, be error to make such third parties defendants to the petition.

IN error from the Circuit Court of Holmes county. Hon. E. G. Henry, judge.

*Yerger* and *Rucks*, for plaintiff in error,
Cited 8 S. & M. 444; Ib. 754.

*J. M. Dyer*, for defendants in error,
Cited *Falconer* v. *Frazier*, 7 S. & M. 235; Hutch. Dig. 628, § 4.

HANDY, J., delivered the opinion of the court.

This was a proceeding under the statute, to enforce a lien in behalf of the defendant in error, a mechanic, arising from a contract between him and the plaintiff in error, Laud, by which the defendant in error erected a frame store house on a certain described parcel of land, alleged to be in the possession of the plaintiff in error, M'Gee.

Laud answered, denying that he contracted with Muirhead, and alleging that he contracted with him and others to build the house, and setting up as set-off, accounts held by him against Nicholas

Muirhead and Newton Muirhead, with whom he alleges he contracted to do the work jointly with James Muirhead.

The plaintiff replied, denying generally the allegation of this answer, and the verdict being for the plaintiff, in the absence of any of the evidence in the cause, the presumption must prevail that the verdict and judgment against Laud were correct.

The answer of M'Gee states, that he is in possession of the land intended to be subjected in this action, and that he at one time verbally contracted to sell the land to his co-defendant Laud, but that Laud failed to comply with his contract to pay for it, and M'Gee resumed possession and still holds the land as his own. He insists that Laud never had such interest in the land as to subject it to the plaintiff's lien for the building erected on it. He also sets up that a judgment in favor of another party who had furnished materials for the building in question had been before that time rendered, under which the building was sold by execution, and that M'Gee became the purchaser thereof, at sheriff's sale; and he claims title by virtue of his purchase of the building. The plaintiff filed a demurrer to this answer, which was sustained.

Judgment was thereupon rendered against both Laud and M'Gee, and it was ordered that the land and building upon it be sold in satisfaction of the plaintiff's claim.

This judgment as to M'Gee, is manifestly erroneous.

Under the facts stated in his answer, and, which, being admitted by the demurrer, must be taken as true for the purposes of this suit, he was improperly made a defendant to the action, and his interest in the property could not be subjected to the mechanics' claim on account of the building erected upon the land. The plaintiff had a right to establish his claim against Laud, with whom he contracted to erect the building; and upon obtaining judgment, to have all the right, title, interest and estate of Laud in and to the land, sold in satisfaction of it. But this proceeding could have no effect upon the title of a party who claimed the land adversely to the person for whom the building upon it was erected, and it was improper to proceed in the action to determine that the land was subject to the mechanics' lien, as against the rights of M'Gee.

*Falconer* v. *Frazier*, 7 S. & M. 235; *English et al.* v. *Foote*, 8 Ib. 444; Ib. 754.

After the judgment against Laud, his interest only would be sold, and the purchaser would be compelled to assert his title upon its merits, and in the appropriate legal mode against M'Gee, who would be entitled to stand upon his rights as they existed, as between him and Laud, unaffected by the proceedings to enforce the mechanics' lien against Laud.

The judgment, therefore, is reversed, and the suit dismissed as to M'Gee, who was improperly made a defendant.

But the judgment, from its peculiar nature, not being an entire thing and being correct as to Laud, it is affirmed as to him, and left to be executed as though M'Gee had never been made a party to it; the costs to be paid by Laud.

Judgment accordingly.