EMELINE HAWLEY, Admx., &c., *v.* GEO. W. HENDERSON & CO.

MECHANIC'S LIEN: EXTENDS ONLY TO INTEREST OF PROPRIETORS OR LESSORS.— A mechanic's lien, by the express provisions of the statute ,(Hutch. Dig. 627), extends only to the interest of proprietors or lessors of the property; a petition, therefore, to enforce a mechanic's lien, which avers that the lumber was furnished by plaintiffs and used by the defendant, in repairing a house on land "in the possession and under the control of the defendant" is bad, because it does not show that the defendant had such an interest in the land as the lien would attach to.

IN error from the Circuit Court of Monroe county.   Hon. William Cothran, judge.

*Reuben Davis*, for plaintiff in error.

*Henderson* and *Reynolds*, contrâ.

FISHER, J., delivered the opinion of the court.

This was an action brought by the plaintiffs below, in the Circuit Court of Monroe county, upon an account for lumber, sold by the plaintiffs to the intestate in his lifetime.

The complaint appears to be framed with a double aspect of recovering the amount due to the plaintiffs, and of enforcing what they alleged to be their lien under the statute, for the lumber sold, and which it is averred was used in repairing houses on certain lots in the possession of, and under the control of the intestate.   The defendant below demurred to the petition, and the court overruled the demurrer, and this presents the only error requiring notice.

The lien is, by the express provisions of the statute, confined to persons who are the proprietors, or lessors of the property. Hutch. Code, 627.

The intestate is not averred to have been either the proprietor or lessor of the lots in question; but that they were in his possession or under his control,—which may be true,—and still they may not be liable for his contracts for repairs.

The demurrer should, therefore, have been sustained to so much of the petition as seeks to enforce this lien. The petition, in other respects, being sufficient to authorize an ordinary judgment, and nothing appearing to show error in the verdict assessing the damages, the judgment will be reversed, and a judgment rendered in this court on the verdict, to be levied on the goods and chattels in the hands of the defendant below to be administered; and a judgment rendered here on the demurrer, as to so much of the petition as seeks to enforce the alleged lien against the lots.

Note.—On the subject of mechanic's lien, see *Falconer* v. *Frazier*, 7 S. & M. 235; *English* v. *Foote*, 8 Ib. 754; *Laird* v. *Muirhead*, 31 Miss. R. 89; *Self* v. *Rowland*, 23 Ib. 264; *Hoover* v. *Wheeler*, Ib. 314; *Skipwith* v. *Dodd*, 24 Ib. 487; *Shotwell* v. *Kilgore*, 26 Ib. 125; *Bell* v. *Cooper*, Ib. 650; *Holmes* v. *Sands*, Ib. 639.

By Art. 3, p. 327, of the Revised Code of 1857, the lien of a mechanic is extended to the interest in the land, of a tenant or other person having a building erected thereon; and by Art. 4, Ib., persons who furnish materials to the contractor and journeymen or laborers employed by him in the erection of a building, may acquire a lien for the price of the materials and for their wages upon the amount due by the owner to the contractor, by giving the owner notice of their claims before payment made by him to the contractor.