Cook vs. Goodyear and another.

---

Cook, Respondent, vs. Goodyear and another, imp., Appellants.

*April 11 — May 5, 1891.*

*Mechanic's lien for building erected with knowledge and consent of landowner: Defense of paramount title.*

1. In an action to enforce a lien upon land on account of buildings erected thereon with the knowledge and consent of the land-owner, where the complaint raises no issue as to any prior outstanding title paramount to that of the defendants, they cannot set up or prove such a title by way of defense.

Cook vs. Goodyear and another.

2. The provision of ch. 466, Laws of 1887, that "sec. 3314, R. S., as amended by ch. 442, Laws of 1887, shall not be construed as giving a lien where the relation of landlord and tenant exists," must refer strictly to the technical relation of landlord and tenant, and was not designed to prevent a tenant for a long term from incumbering his leasehold interest.

3. A contract whereby H. employed McN. to cut and saw timber from land to be provided by him, for a term of five years, McN. to erect a saw-mill on H.'s land for that purpose, cannot be regarded as creating the technical relation of landlord and tenant between them, but it gives to McN. such an interest in the land as can, under ch. 349, Laws of 1885, and ch. 442, Laws of 1887, be subjected to the lien of one who furnishes labor and machinery for such saw-mill.

APPEAL from the Circuit Court for *Portage* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record, in effect, that, October 24, 1887, the principal defendant, McNutt, entered into a contract with George Hiles & Son, wherein and whereby he agreed to cut, log, saw, and place upon the cars, ready for shipment, at Cary Station, in Wood county, 10,000,000 feet of lumber, to be cut from lands furnished by George Hiles & Son, within an average haul of two miles from said station, to be hauled, sawed, piled, and loaded at the rate of 2,000,000 feet per year, and to be wholly completed within five years from said date; that, for that purpose, McNutt was to erect, equip, and maintain a saw-mill of sufficient capacity to cut and manufacture said lumber at the rate named, upon lands to be furnished by George Hiles & Son, which were near said station, said mill to be in running order as early as practicable, and not later than February 1, 1889, and to keep and operate the same for the purpose named; that McNutt and William Morse, a surveyor in the employ of George Hiles & Son, at their direction, went to Cary Station together, and located the place where said mill should be constructed, the same being on the S. W. ¼

of the N. E. ¼ of the N. E. ¼ of section 10, township 23, range 2 E., in Wood county; that, as a matter of fact, McNutt had a saw-mill and saw-mill machinery completed at City Point, Wis.; that, in the fore part of November, 1887, he removed the same from that place to Cary Station, and thereupon commenced the erection of said mill on the land described; that from March 17, 1888, to October 12, 1888, the plaintiff was engaged in the manufacture and sale of steam-engines, saw and grist-mill machinery, and performing work and labor thereupon, doing business at Stevens Point, Wis.; that, as such manufacturer and as principal contractor, on and between said last-named dates, he furnished and delivered to said McNutt, at the latter's special instance and request, the saw-mill machinery and materials mentioned in the complaint herein, to be used in and to constitute a part of the saw-mill to be constructed on the lands described, and also performed work and labor in and about said machinery and material as mentioned in the complaint, the same being so furnished and delivered to be used in and about the erection and construction of said saw-mill, and the same were so actually used in and about the same as to become a part of the realty upon which said mill and the machinery was situated; that the amount due and unpaid to the plaintiff from McNutt for said machinery and materials so furnished and delivered and used, and for said work and labor so done and performed, was found to be the sum of $1,466.91, with interest from October 12, 1888; that July 14, 1888, and August 24, 1888, said McNutt executed and delivered to the plaintiff his five promissory notes to secure the payment of said indebtedness; that September 11, 1888, said *Goodyears*, McNutt, and Hiles, entered into a written agreement, whereby said McNutt assigned his interests, or a certain interest, in his contract of October 24, 1887, to said *Goodyears*, which was in the nature of a security to them for the payment of an in-

Cook vs. Goodyear and another.

debtedness from McNutt to them; that February 23, 1889, by a written indorsement on said contract of September 11, 1888, McNutt made an absolute assignment to the *Goodyears* of the contract of October 24, 1887; that the date of the last charge for performing such work and labor, and furnishing such machinery and materials by the plaintiff to McNutt, was October 12, 1888; that January 9, 1889, the plaintiff duly filed in the office of the clerk of the circuit court his claim for lien on said saw-mill machinery and real estate described, as provided in sec. 3318, R. S.; that said claim was duly docketed in the office of said clerk on that day; that this action was commenced to enforce said lien, April 4, 1889; that, in addition to the facts stated, the court, in effect, found that July 7, 1884, said George Hiles became the owner in fee and possessor of the land described, by quitclaim deed, duly executed and delivered and duly recorded July 29, 1884; that, ever since said date, the record title to said land had been in said George Hiles as the owner in fee thereof; that, before said mill was erected and constructed thereon by McNutt, George Hiles directed and permitted such erection and construction; that he had a full and complete knowledge of and consented to such erection and construction and said improvements upon said land, both before and while the same were being erected and constructed, and consented thereto; that the defendants *Goodyears* claimed to have some interest in the premises described, which interest accrued subsequent to the plaintiff's said lien, and was subject and subordinate thereto; that said mill, with said machinery and material therein, was situated on the land described, and that said ten acres of land was necessary to the proper use and operation of said mill and machinery therein, and to render the same serviceable for the purpose for which said mill was built; that, as conclusions of law, the court found, in effect, that the amount due the plaintiff from said McNutt for the ma-

chinery and materials so furnished, and the work and labor so performed, was $1,618.07; that, for said amount, with costs and disbursements to be taxed, the plaintiff was entitled to a lien upon said saw-mill, machinery, and material, and the ten acres of land described; that the plaintiff was entitled to have the interest of said McNutt and the said defendant George Hiles in said premises which they, or either of them, had on March 17, 1888, or which they, or either of them, have since acquired, and all the interest which said *Goodyears*, and each of them, had acquired in said premises since March 17, 1888, from McNutt and Hiles, or either of them, sold to satisfy the amount of said lien, with the costs of the action, and of filing said lien, and that the plaintiff was entitled to judgment enforcing said lien in the manner prescribed by ch. 143, R. S., and judgment was thereby directed to be entered accordingly. From the judgment entered thereon accordingly the said *Goodyears* bring this appeal.

For the appellants the cause was submitted on the brief of *Rose & Bell*. To the point that defendant McNutt had no interest in the land on which the saw-mill was erected except as a tenant, and the case is therefore within ch. 466, Laws of 1887, they cited Wood, Landl & T., sec. 1, and cases there cited; *Herrel v. Sizeland*, 81 Ill. 457; *McKissack v. Ballington*, 37 Miss. 535; *Moshier v. Reding*, 12 Me. 478. If plaintiff was entitled to any lien, it was simply upon the machinery furnished. Sec. 3314, R. S., as amended by ch. 442, Laws of 1887.

For the respondent there was a brief by *Lamoreux & Park* and *Geo. W. Bird*, and oral argument by *Mr. Bird*.

CASSODAY, J. The court properly excluded a deed of the land, said to have been executed and delivered by George Hiles and wife to the Wisconsin Land & Town Site Company, May 24, 1886, but which was never recorded. That

company is not a party to this action, and, of course, makes no claim to the land. In its absence, we do not feel warranted in determining whether the plaintiff's claim for a lien is protected, as against that company, by the registry law, as argued by counsel. Secs. 2241, 2242, R. S.; *Cutler v. James*, 64 Wis. 173. Nor is it necessary. The plaintiff was not bound to allege or prove that the defendants, or either of them, had title to the land, in order to enforce his lien. *Willer v. Bergenthal*, 50 Wis. 474. The complaint alleged, in effect, that the appellants had, or claimed to have, some interest in or lien upon the premises, but which, if any, was subsequent to the lien of the plaintiff, and accrued on or after September 11, 1888; and hence tendered no issue respecting any prior outstanding paramount title. This being so, it was incompetent for the appellants or Hiles to set up or prove, by way of defense, such paramount title. This has, in principle, frequently been held in foreclosure actions, and is equally applicable here. *Hekla Fire Ins. Co. v. Morrison*, 56 Wis. 133. The principal contention is, in effect, that assuming that George Hiles had title to the land at the time of making the contract with McNutt, October 24, 1887, and subsequently while the mill was being constructed, yet that that contract did not give McNutt such an interest in the land as could be subjected to a lien for the plaintiff's claim. This is on the theory that such contract made McNutt the mere tenant of Hiles, and that by a recent act of the legislature it is provided that sec. 3314, R. S., as amended by ch. 442, Laws of 1887, "shall not be construed as giving a lien where the relation of landlord and tenant exists." Ch. 466, Laws of 1887. This must refer strictly to the technical relation of landlord and tenant. We are constrained to hold that the object of that provision was to protect the landlord, and prevent a mere tenant from incumbering so much of the estate as remained in the landlord. It was

manifestly not designed to prevent a tenant for a long term of years from thus incumbering his leasehold interest. We have recently held that such leasehold interest was subject to such lien. *Kendall Mfg. Co. v. Rundle*, 78 Wis. 150. It is true that our attention was not there called to ch. 466, Laws of 1887; but the act which that purports to construe provides, in effect, that in case machinery is purchased to be placed in, or connected with, any building or premises in which the purchaser has no sufficient interest to authorize a lien, the person furnishing the same shall have and retain a lien thereon, and, in case of default in payment, may remove the same from such building or premises. Ch. 442, Laws of 1887. There is nothing in ch. 466, Laws of 1887, which indicates a purpose to repeal that provision. Nor is there anything therein manifesting a purpose to repeal or abrogate the provision found in ch. 349, Laws of 1885, and ch. 442, Laws of 1887, to the effect that where a person procures work or labor to be performed upon, or furnishes materials to be used in the erection, construction, or repair of, any building or machinery upon the land of another, so as to become a part of the freehold, the person performing such work or labor, or furnishing such materials, shall have a lien therefor, which " shall also attach to and be a lien upon the real property of any person on whose premises such improvements are made, such owner having knowledge thereof and consenting thereto, and may be enforced as provided in " the statutes. Assuming Hiles to have been the owner of the land during the time named, then, as indicated in the foregoing statement, the findings of the court brought him within the provision of the statute just quoted. As indicated, the contract gave to McNutt, and the appellants claiming under him by an assignment thereof with consent of Hiles, the right to run and operate the mill for the term of five years. That contract cannot be regarded as creating the technical relation of landlord

and tenant. That such structure was attached to the soil, so as to become a fixture, there can be no question. The interest of McNutt and the appellants, as his assignees in and to the realty, was manifestly such as to subject the same to a lien for the amount of the plaintiffs' claim. *Heath v. Solles*, 73 Wis. 217; *North v. La Flesh*, 73 Wis. 520; *Kerrick v. Ruggles*, 78 Wis. 274.

*By the Court.*— Judgment of the circuit court is affirmed.