Argued 14 January; decided 2 April, 1900.

## HARRIS v. SARGEANT.

[60 Pac. 608.]

SERVICE OF SUMMONS—SUFFICIENCY OF RETURN.

1.  A return of service of a summons showing that it was served on minors by delivering to each of them a true and correct copy thereof is insufficient under Hill's Ann. Laws, § 55, subd. 3, requiring a summons to be served by delivering a copy thereof to the minor personally, since such return does not show personal delivery by the officer; hence the court acquired no jurisdiction of the persons of such minors by such service.

COLLATERAL ATTACK ON DECREE—EFFECT OF RECITALS.

2.  Where a journal entry of a decree recited that minor defendants had been duly served as by law required, "as shown by the return of the sheriff," such return was made the basis of the recital, and was an essential part thereof; and, where such return was insufficient, such recital was not conclusive in a collateral attack on the decree entered thereon, since it then affirmatively appears on the face of the record that the court did not have jurisdiction.

From Polk : GEO. H. BURNETT, Judge.

Action by Sanford S. Harris and others against William Sargeant to recover real property. Both parties allege ownership in fee, and that they are entitled to possession. On November 15, 1884, William M. Harris was the owner thereof, and he and his wife on that day conveyed the same by quitclaim deed to their children, the plaintiffs herein. Subsequently one G. N. Townsend, a judgment creditor of the said William M. Harris, began a suit against him, Frances Harris, his wife, and the plaintiffs herein, to set aside said deed, and to subject the property to the satisfaction of his judgment. The summons was issued, and placed in the hands of the Sheriff of Benton County for service, who made the following return : "I hereby certify that I received the within summons on the ninth day of April, A. D. 1889, and served the same on the twenty-fifth day of April, A. D. 1889, in Benton County, Oregon, on the defendants S. S. Harris, L. E. Harris, and L. M. Harris, by delivering to each of said defendants a true and correct copy of said summons

prepared and certified to by me as sheriff, the above-named defendants being minors; also by delivering to their guardian, Mrs. Frances Kemp, for each of them, a true and correct copy of said summons, prepared and certified to by me as sheriff; also by delivering to the defendant S. S. Harris and his guardian, Mrs. Frances Kemp, each a copy of the complaint, prepared and certified to by C. G. Coad, County Clerk of Polk County, Oregon.'' An order was made in said cause, which, after reciting that, '' it appearing to the court that said defendants have been duly served as by law required, to wit, by personal service upon defendants S. S. Harris, L. M. Harris, and L. F. Harris, and Frances Harris-Kemp, within the County of Benton, and State of Oregon, more than twenty days prior thereto, as shown by the return of the sheriff of said county and state,'' directed that default be entered against said defendants, and provided for the appointment of a guardian *ad litem* for the minors. Thereafter a decree was rendered in accordance with the prayer of the complaint, and the premises in controversy were sold to satisfy said judgment, the defendant herein becoming the purchaser, who subsequently obtained a sheriff's deed therefor. Judgment of the court below was for the plaintiffs, and defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William H. Holmes.*

For respondent there was a brief over the names of *W. Scott Beebe* and *Ephriam B. Seabrook*, with an oral argument by *Mr. Seabrook.*

Mr. Chief Justice Wolverton, after stating the facts, delivered the opinion of the court.

1. The question presented is whether the defendant acquired the legal title to the premises in controversy by and through the sheriff's deed, and its proper solution depends upon whether these plaintiffs were legally served with summons in said suit, which must be determined entirely from the record. The plaintiffs herein, who were defendants in the suit of *Townsend* v. *Harris et al.*, were all minors under the age of fourteen years at the time of the service of summons upon them in that cause. The statute requires the summons to be served by delivering a copy thereof, together with a copy of the complaint, prepared and certified to by the plaintiff, his agent or attorney, to such minor personally, and also to his father, mother or guardian, or, if there be none within this state, then to any person having the care or control of such minor, or with whom he resides, or in whose service he is employed : Hill's Ann. Laws, § 55, subd. 3. In equity cases, where there is more than one defendant in the suit, service of the summons may be made by serving only one copy of the complaint, the same to be served on the defendant designated by the plaintiff, or his attorney, by a direction indorsed on such summons : Hill's Ann. Laws, § 390. Whether such an indorsement was made on the summons in question does not appear. The return of the sheriff shows that service was made by delivering to each of said defendants a true and correct copy thereof ; also by delivering to their guardian, Mrs. Frances Kemp, for each of them, a like copy ; and also by delivering to the said S. S. Harris and his guardian, Mrs. Frances Kemp, each a copy of the complaint, prepared and certified to by C. G. Coad, Clerk of Polk County. The return does not

show a delivery of the copy of the summons to the minors personally, which is made an essential requirement by the statute. The sheriff's showing that he delivered the summons to the minors may be all true, and yet the statute not be complied with, as he may have made the delivery through some third party, and therefore not personally. The service must conform to the requirements of the statute, as it will be construed strictly; and this must appear by the sheriff's return, otherwise the court does not acquire jurisdiction of the persons of such minors. The authorities appear to be in harmony with this view: *McMullin* v. *Mackey*, 6 N. Y. Supp. 885; *Womack* v. *Slade* (Tex. Civ. App.), 23 S. W. 1002; *Helms* v. *Chadbourne*, 45 Wis. 60, 67. The service being insufficient in the particular here ascertained, it is unnecessary to inquire into the effect of the nonappearance in the record of a proper indorsement on the summons, naming the defendant to whom the single copy of the complaint was required to be delivered.

2. It is further contended that, as the journal entry shows that the defendants were duly served as by law required, and the court in which the decree was given being one of general jurisdiction, it must be presumed that the court had other evidence than that which appeared from the return upon which to base its finding, and that such a finding is conclusive in a collateral attack. The finding, however, is specifically based upon the return, which reads, "It appearing to the court," etc., "as shown by the return." This, of itself, contradicts any presumption to the contrary, as the return is made the basis of the finding. The return is in the record, and is an essential part thereof, and, when reference is made to it as the basis of the finding, it becomes at once apparent that it does not support the finding. Thus it is made affirmatively to ap-

pear from the record that the court was without jurisdiction to render the decree, and it is, therefore, void as against minors : *Barber* v. *Morris*, 37 Minn. 194 (5 Am. St. Rep. 836, 33 N. W. 559); *Settlemier* v. *Sullivan*, 97 U. S. 444. These considerations affirm the judgment of the court below, and it is so ordered.        AFFIRMED.