### GRUNER v. RUFFNER et al.

(Supreme Court, Appellate Division, Fourth Department.   November 24, 1909.)

1. MORTGAGES (§ 427*)—FORECLOSURE BY ACTION—PARTIES.
   Infants whose title came by operation of law on the death of their mother, a devisee of mortgaged premises, were necessary parties to an action to foreclose the mortgage.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1269, 1272–1287; Dec. Dig. § 427.*]

2. MORTGAGES (§ 554*)—FORECLOSURE—LIS PENDENS—"TITLE."
   While Code Civ. Proc. § 1632, makes a conveyance on foreclosure a bar against each party to the action and every one claiming under him "by title accruing after the filing of notice of pendency of the action," the authority for filing the notice is section 1670, and its effect is prescribed in section 1671 as "constructive notice to a purchaser or incumbrancer of the property affected thereby," and the word "title" does not extend to that acquired by infants by inheritance.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1587; Dec. Dig. § 554.*

   For other definitions, see Words and Phrases, vol. 8, pp. 6978–6982, 7816.]

3. APPEAL AND ERROR (§ 174*)—PRESENTATION OF QUESTIONS—PARTIES.
   Where, in a foreclosure action, plaintiff made infants acquiring title to the mortgaged premises by inheritance parties, and obtained a judgment in terms extinguishing their interest in the premises, he could not on appeal be heard to claim that they were not necessary parties.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1121–1132; Dec. Dig. § 174.*]

4. INFANTS (§ 70*)—ACTIONS.
   An infant cannot act voluntarily in a judicial proceeding.

   [Ed. Note.—For other cases, see Infants, Cent. Dig. § 178; Dec. Dig. § 70.*]

5. INFANTS (§ 79*)—ACTIONS—GUARDIAN AD LITEM—TIME FOR APPOINTMENT.
   Under Code Civ. Proc. § 473, providing that, where an infant defendant resides out of the state, the court may designate a person to act in his behalf, unless he procures some one to act for him, jurisdiction of the infant by service of summons is necessary before the court can properly appoint a guardian ad litem for him in the action.

   [Ed. Note.—For other cases, see Infants, Cent. Dig. § 208; Dec. Dig. § 79.*]

6. MORTGAGES (§ 529*)—FORECLOSURE—SALE—SETTING ASIDE.
   A defendant in a foreclosure action who was liable for a deficiency on the sale of $1,000 had sufficient interest to authorize him to apply to set aside the sale because certain infants were not properly brought in as defendants.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1537–1548; Dec. Dig. § 529.*]

Appeal from Erie County Court.

Action by Elizabeth Gruner against Jennie H. Ruffner, Charles A. Pooley, individually and as executor, etc., and another.   From an order denying a motion to set aside a foreclosure sale pursuant to a judgment, said Pooley appeals.   Reversed, and motion granted.

The action is in county court for the foreclosure of a mortgage given by one Thomas and the defendant Pooley collateral to a bond executed by said mort-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gagors. Thomas died before the commencement of the action, devising a part of the premises covered by the mortgage and owned by him to his widow, who subsequently married Ernest L. Ruffner. She was made a party defendant, and, pending the action, died intestate, leaving her surviving her husband and two infant children, each under the age of 14 years. After her death, and on the 28th of October, 1907, an order was granted on the application of the plaintiff substituting the defendants Ernest L. Ruffner and the two infant children defendants, instead of the said Jennie H. Ruffner, deceased. At the time the order was granted, the father of the children was a major in the United States army stopping in Columbus, Ohio, en route to the Philippine Islands, claiming his residence, however, in the city of Buffalo. The infant children at that time were residing with an uncle in Columbia, in the state of Connecticut. No notice was given to said infants or to the person with whom they resided nor to the father of the application for such order of substitution; nor has any summons been served upon any of said persons. About the time of the granting of said order making said infants parties defendant, the county court appointed William R. Daniels guardian ad litem of said infants in the action. The order was based upon the petition of said Daniels and the request of the father, duly acknowledged in the state of Ohio. No notice of this application was given to said infants or to the uncle with whom they resided, nor was any notice of such appointment served upon any of said persons in any way. The guardian ad litem appeared in the action and served the usual answer in behalf of said infants. Judgment of foreclosure and sale was finally obtained, and at the sale of the premises the defendant Pooley, against whom a deficiency judgment was asked, appeared and objected to the sale on the ground that the infants had not been properly made defendants in the action, and that their rights would not be cut off by any conveyance delivered in pursuance of the judgment. His protest was disregarded, and the premises sold for $1,000, only about one-half the amount due on the judgment. The defendant Pooley, alleging that he refrained from bidding at the sale because of the circumstances detailed, applied to the court for an order setting aside the sale and all the proceedings in the action subsequent to the death of Mrs. Ruffner, which application was denied, and he has appealed from that order.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Layton H. Vogel, for appellant.
Edmund P. Cottle, for respondent.

SPRING, J. The infant children, upon the death of their mother, became the owners of the equity of redemption of a part of the mortgaged premises, subject to the tenancy by the curtesy of their father. The estate of the mother terminated by her death, and their title came by operation of law, and they should be made parties to the action. 15 Encyclopædia of Pleading & Practice, p. 651. The effect of filing the notice of pendency of action was "constructive notice * * * to a purchaser or incumbrancer of the property affected thereby." Code Civ. Proc. § 1671. It was not effective against the infants who acquired title by inheritance.

I appreciate that section 1632 of the Code of Civil Procedure in defining the effect of a conveyance upon a foreclosure sale provides that such conveyance is a bar against each party to the action and every person claiming under him "by title accruing after the filing of the notice of the pendency of the action." The authority for filing the notice is section 1670 of the Code of Civil Procedure, and its effect is prescribed in the succeeding section, as noted above, and the "title"

mentioned in section 1632 should be construed in connection with section 1671, which limits its effect to a purchaser or incumbrancer subsequent to the filing of the notice. In no other way can these sections be harmonized. In any event, the plaintiff deemed it wise to make them parties defendant, and obtained a judgment in terms extinguishing their interest in the premises, and he should not now be heard to claim that they are not necessary parties. If he was satisfied that it was not essential to make them parties, their names should be formally stricken from the record. Otherwise, he has a judgment cutting off their interest, and upon the assumption that they have been properly made defendants.

Section 471 of the Code of Civil Procedure permits the appointment of a guardian ad litem upon the application of the infant defendant made "within twenty days after personal service of the summons, or after service thereof is complete, as prescribed in section four hundred forty-one of this act." "Where an infant defendant resides out of the state," the court may designate a person to act in his behalf unless he procures some one to act for him, and notice in the manner prescribed in the order must be given him before this alternative designation becomes effective. Section 473. The language of this section implies that the infant must be made a party defendant by regular process before the court may grant the order of designation. The order is granted only where there is an infant already made defendant and residing out of the state or temporarily absent therefrom. In the present case, an order continuing the action against these infants has been granted, but without notice to them or any one interested in their behalf. Service of summons is the method prescribed by the Code of Civil Procedure for making a party defendant in an action (section 416), unless he voluntarily appears, which, of course, does not apply to an infant who cannot act "voluntarily" in a judicial proceeding. Jurisdiction of the infant by the service of summons by one of the methods prescribed in the Code of Civil Procedure is necessary before the court can properly appoint a guardian ad litem for him in the action. Ingersoll v. Mangam, 84 N. Y. 622; Smith v. Reid, 134 N. Y. 568, 571, 31 N. E. 1082 et seq.; Van Williams v. Elias, 106 App. Div. 288, 294, 94 N. Y. Supp. 611 et seq.; Crouter v. Crouter et al., 133 N. Y. 55, 30 N. E. 726; Darrow v. Calkins, 154 N. Y. 503, 513, 49 N. E. 61, 48 L. R. A. 299, 61 Am. St. Rep. 637; 1 Abbott's Prac. & Forms (2d Ed.) p. 834 (Alden).

The case first cited was for the foreclosure of a mortgage executed by the infant's father who had died before the commencement of the action. The infant affected was under 14 years of age, and resided in the state of New Jersey. The summons was not served upon him either personally or in compliance with an order therefor. It was personally served on the infant's mother in this state. A guardian ad litem was appointed on her petition by order of the court, and he appeared and served the usual answer. The purchaser at the foreclosure sale objected to the title on the ground that the summons had not been served on the infant, and this contention was sustained by the Court of Appeals. The court say at page 625 of 84 N. Y.:

"An infant must appear by guardian; but a guardian can only be regularly appointed for an infant defendant after service of the summons personally or by the substituted mode (in certain specified cases) as prescribed. * * * The order for the appointment of the guardian ad litem in this case authorized the guardian appointed to appear and defend the action in behalf of the infant; but the difficulty is that the order was unauthorized, because the court had no jurisdiction over the infant or to appoint a guardian ad litem when the order was made by reason of the fact that the infant had not been brought in and the action had not been commenced against him by the service of the summons, which is the statutory mode by which the court acquires jurisdiction of the person or property of an infant. The appearance by the guardian was not, therefore, an appearance by the infant, and was not within section 424."

We are cited to two or three authorities which, it is claimed, hold that service of summons on a nonresident infant is not a prerequisite to the appointment of a guardian ad litem for such infant.

In Gotendorf v. Goldschmidt, 83 N. Y. 110, the action was partition and several of the defendants were infants residing in Germany, and no summons was served upon them. The purchaser refused to take the deed for this reason, and an action was commenced to compel him to accept, and the court held his objection was untenable, and the agreement to purchase was enforced against him. The court, however, placed its decision upon the ground that in a partition action as the law then existed the Revised Statutes controlled and service of process upon the nonresident infants was not required in that kind of action. In that case the order appointing the guardian ad litem was in the alternative form, requiring notice of the appointment in the manner prescribed in the order to be made upon the nonresident infants and upon their father, with whom they resided, which direction was complied with and no application was made in their behalf, and eventually the order became operative. The infants did have notice of the appointment of the guardian ad litem and an opportunity to be heard. In the case we are considering no notice at all was served upon them or the person with whom they resided. The distinction between the holding in this case and the rule applicable to a foreclosure action is adverted to and sustained in the Ingersoll-Mangam action.

This distinction is further illustrated in O'Donaghue et al. v. Smith, 184 N. Y. 365, 77 N. E. 621, where the validity of a judgment obtained in an action of partition in 1870 was attacked because of alleged defective service of the summons on an infant heir at law. The infant was under 14 years of age, and attending the Academy of Visitation in the state of Virginia. The summons was personally served on the infant in that state and upon Mother Borgie, with whom the infant resided, as the affidavit of service stated. The mother of the infant, with whom she resided when not in school, upon her own petition was appointed the guardian ad litem of the infant, and appeared and answered by attorney. By the Revised Statutes an action of partition was commenced by petition and notice, and service on a nonresident party could be made by publication, or the petition and notice could be served personally without the state "forty days previous to its presentation without publishing the same." While the manner of commencing the action by the Code then in force was by summons and complaint, instead of by petition and notice, the mode of service

in partition remained as provided in the Revised Statutes, and the court, therefore, held the service sufficient.

It will be observed that the whole subject is one governed by statute, but there has been at no time, so far as I have been able to ascertain, any authority for making an infant a party defendant or for appointing a guardian ad litem to appear for him until he has received notice in some form so that he may be heard upon the application. The variance in the mode of the notice or service permitted has been due to the variation in the statutes regulating it. As already mentioned, in the present case, there was no service of the summons either personally or by publication upon the infants or upon the uncle in Connecticut with whom they resided, and no notice was given to any of them of the application for the appointment of the guardian ad litem, and for these omissions I think the sale should be set aside.

There was a deficiency on the mortgage sale of more than $1,000, for the payment of which the defendant Pooley was liable. He attended and objected to the sale because the infants were not properly brought in as defendants, and declined to bid. His interest is sufficient to authorize him to apply to set aside the sale.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

MORTGAGES (§ 437*)—FORECLOSURE—PARTIES.