PATRICK McGRATH, Plaintiff, *v.* DESIRE ROEFS, Defendant.

County Court, Bronx County, December, 1922.

**Process — infant cannot waive defective service of summons by pleading.**

The service of an answer by an infant over eighteen years of age, personally served with the summons, does not cure the defect in the service of the summons in omitting the additional service as required by the Civil Practice Act, section 225(1), and the complaint will be dismissed.

MOTION to dismiss complaint.

*Harry Miller,* for plaintiff.

*John L. O'Connell,* for defendant.

GIBBS, J. Defendant has moved for an order directing that the complaint herein be dismissed on the ground that the court did not acquire jurisdiction of the person of the defendant. It appears from the papers submitted on the motion that Patrick McGrath instituted an action against Desire Roefs, who is an infant over the age of fourteen years, to wit, eighteen years of age; that the summons was served upon the infant defendant only; that thereafter an answer was filed and issue joined.

Defendant contends that the court never acquired jurisdiction over the defendant, for the service of the summons herein is not sufficient in law. Section 225 of the Civil Practice Act provides that personal service of the summons upon a defendant who is a natural person must be made by delivering a copy thereof within the state as follows:

" 1. If the defendant be an infant, to his father, mother, or guardian, or if there be none within the state, to the person having the care and control of him, or with whom he resides, or in whose service he is employed, and if the infant be of the age of fourteen years, or over, also to the infant in person.  *  *  * "

In the case at bar it appears that a copy of the summons was not served on the father, mother, guardian or other person having control and custody of the infant defendant, but only upon the infant. No guardian *ad litem* has been appointed, nor has any application been made for such appointment by either party. The plaintiff urges that the service of the defendant's answer cures the defect, in so far as the service of the summons is concerned.

In the case of *Weiser* v. *Landess,* 172 N. Y. Supp. 337, the identical point was raised. It appears in that case that the only person served was the infant. Issue was joined by the service of an answer and the action brought to trial, at which time defendant urged

Surrogate's Court, Kings County, December, 1922. [Vol. 119

that the service of the summons was insufficient and that the court was without jurisdiction. The trial justice rendered judgment in favor of the plaintiff.

On appeal, Mr. Justice Bijur writing for the court said: " It is quite clear that service upon an infant must be made, according to section 426, Code Civ. Proc. (which is adopted for the Municipal Court by section 21 of the Municipal Court Code [Laws of 1915, chap. 279]), by serving the infant and also some other person or persons as therein designated. It has also been decided that an infant cannot appear voluntarily in a judicial proceeding. *Gruner* v. *Ruffner*, 134 App. Div. 837, 840; 119 N. Y. Supp. 942."

In the present case I find that the service upon the defendant was not sufficient and that the answer to the complaint did not cure the defect. The motion for an order dismissing the complaint is granted and complaint dismissed, with costs.

Ordered accordingly.