In the Matter of the Estate of PEARL DEFOREST MORRIS, Deceased.

Surrogate's Court, Montgomery County, November 24, 1933.

*Compton, Dillon & Clark* [*Frank J. Dillon* and *Herbert C. Pentz* of counsel], for the petitioner.

*William C. Maynard*, for the trustees.

*Frank H. Deal*, in person.

*Charles S. Nisbet*, special guardian.

AULISI, S. This is a proceeding to vacate, set aside and annul, as to Dorothy Morris Culbertson, a decree made and entered in this court on January 30, 1931.

George K. Morris and Daniel Naylon, Jr., were duly appointed trustees of the last will and testament of Pearl DeForest Morris, by the terms of which they were to administer a trust fund of about $60,000 for the benefit of her two minor children, Dorothy DeForest Morris and Francis Morris, and in addition were given the custody of certain jewelry and personal ornaments belonging to the testatrix which were eventually to go to Dorothy DeForest Morris. George K. Morris died on August 15, 1928, and thereafter on July 31, 1930, the Citizens Trust Company of Schenectady, N. Y., was appointed trustee in his place pursuant to the terms of the will of said decedent.

By petition, verified July 25, 1930, Dorothy DeForest Morris Holman and her then husband, William Arthur Holman, petitioned this court for an order directing the payment of $450 each month to be applied for her support and maintenance and for an order directing that the jewelry bequeathed to her by her mother be delivered to the said Dorothy DeForest Morris Holman and " for such other and further order as this court may, in its discretion make and order." The said petition was filed in this court on September 5, 1930, and on that date a citation was issued to the First National Bank of Amsterdam, N. Y., as guardian of the property of Dorothy Morris Holman, Daniel C. Naylon and Schenectady Trust Company, as trustees under the will of Pearl DeForest Morris, Abram V. Morris and Lewis Morris, as executors and trustees under the will

of George K. Morris, Rebecca Morris Voorhees, formerly guardian of the person of Dorothy Morris Holman and Francis Morris, brother of Dorothy Morris Holman. The citation directed the foregoing parties to show cause why the accounts of the executors and trustees of the estate of Pearl DeForest Morris and of George K. Morris and the accounts of the First National Bank of Amsterdam, N. Y., as guardian of the property of Dorothy Morris Holman and Francis Morris, infants, should not be filed and judicially settled and an order for the payment of the income made by the court.

This citation, the only one issued during the entire proceeding, was returnable on September 26, 1930, and on that date Daniel Naylon, Jr., filed an account as trustee under the will of Pearl DeForest Morris. Frank H. Deal, an attorney, was appointed special guardian for the said infants. It has been proven that the Schenectady Trust Company was erroneously inserted in the citation and that the institution intended was the Citizens Trust Company of Schenectady, N. Y. On October 31, 1930, an order was made by this court authorizing and directing the said Daniel Naylon and the Citizens Trust Company of Schenectady, N. Y., to deliver certain articles of jewelry to the said Dorothy Morris Holman. A further order dated and entered December 12, 1930, was made directing said trustees to pay over to said guardian of the property of the said infants accumulated income amounting to about $7,000, together with all the income from various funds in their possession as the same might accumulate from time to time. On January 15, 1931, the said Daniel Naylon, Jr., filed a supplemental account and a decree was entered on January 30, 1931, judicially settling the said Daniel Naylon's original account and supplemental account.

Petitioner contends that the decree dated January 30, 1931, should be vacated, set aside and annulled as to her on the ground that it was irregularly and improperly entered and that the court was without jurisdiction to enter same. The respondent maintains that the court acquired jurisdiction of the person of the petitioner when the petition verified by her was filed in court and continued to hold jurisdiction of the matter until the final decree was entered. With the contention of the respondent I do not agree.

The petition which initiated the proceeding prayed to the court for an order of maintenance and support and for the delivery of certain jewelry. The court properly ordered that an account be filed so that the condition of the estate be before it in deciding on the relief to be given the petitioner. There is no written order to that effect in the record but I believe that this is merely an irregularity. The relief requested by the petitioner was granted by two

orders of the court dated October 31, 1930, and December 12, 1930, respectively. I am of the opinion that when the petition was filed it was never intended by any of the parties to the proceeding that a judicial settlement of the account and supplemental account should be made. That was something which apparently arose as an afterthought. Therefore, when the court settled said accounts on January 30, 1931, without a citation having been issued to and served upon Dorothy DeForest Holman, it did so without having acquired jurisdiction of her. The petitioner at the time of the proceeding was an infant, nineteen years of age, and the fact that Mr. Deal was appointed special guardian for her and was present throughout all the hearings did not give the court jurisdiction. Inasmuch as no citation was issued to and served upon her, the court had no jurisdiction to appoint a special guardian. (*Davis* v. *Crandall*, 101 N. Y. 311.)

The Surrogate's Court is a statutory court and proceedings must be had in compliance with the Surrogate's Court Act. The procedure to be followed to grant the petitioner the relief which she prayed for is provided by sections 194 and 219 of the Surrogate's Court Act. A proceeding to have a trustee's intermediate account judicially settled is a separate proceeding and this is provided for in sections 253, 254, 255 and 256 of the Surrogate's Court Act. No petition was filed by Daniel Naylon, Jr., either individually or as trustee, to have his accounts judicially settled, and no citation was ever issued to or served upon Dorothy Morris Holman, after the account and supplemental account were filed, to show cause why the said accounts should not be judicially settled. These steps may seem to have been superfluous and unnecessary, but I believe that a careful examination of the above sections of the Surrogate's Court Act will disclose the contrary.

By section 253 a trustee may be required to file an intermediate account at any time in the discretion of the surrogate by an order made upon the petition of any person interested, or by direction of the surrogate. Pursuant to section 254, upon the return of such an order, the trustee may file his account. There was no proceeding commenced against the trustee to compel him to account nor was there a voluntary petition for a settlement of the account by the trustee in this case. Assuming, however, that the court directed that an account be filed, a citation should have been issued directed to the petitioner and served upon her because section 254 provides as follows: " If it appears that the account can be then judicially settled a supplemental citation may be issued directed to the persons who must be cited on a petition for a judicial settlement of his account." The only exception set forth in section 254

in which the petitioner in a proceeding to compel a trustee to account need not be cited is where the trustee has filed a voluntary petition to account and the two proceedings have been consolidated. The record and proof in this case do not come within that exception and, therefore, that part of section 254 cannot govern.

I am of the opinion that that part of section 254 which provides as follows: " When such account is filed in connection with a proceeding then pending any party may contest the account as to any matter affecting his interest, and the decree or other determination made shall go to the extent *only* of determining the question or questions necessary to be decided in order to grant or deny *the relief asked for in the special proceeding in which the account was ordered to be filed*," applies to this case. The relief asked for in the special proceeding having been granted by the orders of this court on October 31, 1930, and on December 12, 1930, the court had no right to determine any question relating to the judicial settlement of the account of the trustee without issuing a supplemental citation or without the filing of a petition and taking the same steps necessary on a judicial settlement.

This proceeding does not come within section 255 of the Surrogate's Court Act because no petition was filed by the trustee for a voluntary accounting. Section 256 provides that the proceedings " shall be the same as though the respondent had filed his petition for a voluntary intermediate judicial settlement as provided in the preceding section." (Surr. Ct. Act, § 255.) That section provides that a trustee may file an intermediate account and a petition for its judicial settlement and, if the surrogate entertains such application, a citation shall issue to *all persons who would be required to be cited upon a voluntary final judicial settlement of such account.* I believe that Dorothy Morris Holman was a person required to be cited upon the filing of a petition by the trustee under section 255 for a voluntary accounting. No citation having been issued to her and served upon her, the court lacked jurisdiction to make the decree of January 30, 1931, binding as to Dorothy Morris Holman.

The proceeding involves the property rights of an infant. If any wrong has been done to her, it should be corrected; if not, no one will be harmed by reopening the decree.

I, therefore, hold and decide that the decree of January 30, 1931, should be vacated, set aside and annulled as to Dorothy Morris Holman, on the ground that the court had no jurisdiction to enter the same.

Submit order on notice accordingly.