MARIE LELLA, JENNIE PERROTTA, MARGARET BOSCIA, an Infant, by DAN BOSCIA, Her Guardian ad Litem, DAN BOSCIA and LAWRENCE SANTORA, Plaintiffs, *v.* HAROLD HOLMAN, an Infant, by MAX HOLMAN, His Guardian ad Litem, Defendant.

City Court of New York, Trial Term, Bronx County, March 31, 1938.

Humane

*Benjamin E. Spindel*, for the plaintiffs.

*George Wolk*, for the defendant.

DONNELLY, J. This action, which was brought to recover for personal injuries alleged to have been sustained by the plaintiffs Marie Lella, Jennie Perrotta and Margaret Boscia; by the plaintiff Dan Boscia to recover medical expenses and the loss of the infant plaintiff Margaret Boscia's services; and by the plaintiff Lawrence Santora for property damage, appeared in its regular order on the non-jury calendar of this court and was tried before me without a jury.

The plaintiffs Marie Lella and Margaret Boscia did not appear on the trial.

The infant defendant is nineteen years of age. Pursuant to an order of substituted service made herein on January 15, 1937, a summons was served upon the infant defendant on January 18, 1937. The order for such service, the papers on which it was granted, and the affidavit of service of the summons have not been filed in this court. The order for substituted service and the papers on which it was granted must be filed, service made and proof of service filed within twenty days after the order is granted; otherwise the order becomes inoperative. Such substituted service is complete ten days after proof thereof is filed and the same proceedings may be taken thereupon as if the summons had been served by publication pursuant to order for that purpose. (Civ. Prac. Act, § 231.) Failure to file the papers mentioned in section 231 of the

Civil Practice Act renders the service of the summons invalid. As we have, then, no valid service of process upon the infant defendant, it follows that this court never acquired jurisdiction of the person of said defendant. This defect was not cured by the appearance, on behalf of the infant defendant, of his guardian *ad litem*, appointed by an order of this court, and the service of an answer. This court had no power to appoint a guardian *ad litem* for the infant defendant until it had acquired jurisdiction of the person of the infant defendant, and jurisdiction was not effected until service of the summons upon the infant defendant had been completed, pursuant to the statutory requirements. (*Crouter* v. *Crouter*, 133 N. Y. 55, 61.) A guardian *ad litem* cannot voluntarily appear for his infant defendant. (*Ingersoll* v. *Mangam*, 84 N. Y. 622, 626; *McGrath* v. *Roefs*, 119 Misc. 641, 642, citing *Gruner* v. *Ruffner*, 134 App. Div. 837, 840.) Personal service of the summons was made upon the father of the infant defendant pursuant to the provisions of subdivision 1 of section 225 of the Civil Practice Act. To complete the necessary elements of jurisdiction service should also have been made upon the infant defendant. (*Leahy* v. *Hardy*, 225 App. Div. 323, citing *Ingersoll* v. *Mangam*, 84 N. Y. 622, 624.)

A perusal of the cases cited discloses that the jurisdictional defect therein discussed is of general, not limited, application. There seems to be no distinction between those cases in which the infant defendant's right to or interest in real property is involved and any other case in which the infant is a party defendant. A party *who is of full age* may prosecute or defend a civil action in person or by attorney unless he has been judicially declared to be incompetent to manage his affairs. (Civ. Prac. Act, § 236.) And an adult may voluntarily appear in any action in which he is a party defendant. An adult defendant who serves an answer to a complaint waives the question of the service of the summons; his voluntary appearance is equivalent to the service of the summons upon him. (Civ. Prac. Act, § 237.) In the case of an infant defendant the rule is different. To give the court jurisdiction of his person, compliance with the statutory steps prescribing the service of process upon the infant defendant must be shown. In *Leahy* v. *Hardy* (*supra*) service of the summons was made upon the infant defendant only. The service was not made upon the person in whose employ he was. The court said: " It is likely that the plaintiff, having made service on the infant personally, could have completed the service by publication under the provisions of section 232, subdivision 4, of the Civil Practice Act; but no such attempt was made, and it is now too late."

Where the application for the appointment of a guardian *ad litem* for an infant defendant is made by a person other than the infant, notice thereof must be given to his general or testamentary guardian if he has one within the State, or, if he has none, to the infant himself if he is of the age of fourteen years or upwards and within the State, or if he is under that age and within the State to the person with whom he resides. (Civ. Prac. Act, § 204, subd. 2.) Practically three months having elapsed since the service of the summons upon the infant defendant by substituted service without any application having been made for the appointment of a guardian *ad litem* in his behalf, plaintiffs availed themselves of the provisions of rule 39 of the Rules of Civil Practice. Accordingly, on April 21, 1937, an *ex parte* order was signed by a justice of this court appointing Max Holman, the father of the infant defendant, his guardian *ad litem*. Said order provides: " Ordered that Max Holman be appointed guardian *ad litem* of the defendant Harold Holman unless within ten days of [*sic*] service of a copy of this order upon him, he procure a guardian *ad litem* to be appointed." This order was served by mail on May 7, 1937, upon Max Holman and the infant defendant Harold Holman at No. 1280 Webster avenue, Bronx, N. Y. This alternative designation may be granted only where there is an infant already made defendant and residing out of the State or temporarily absent therefrom. (Civ. Prac. Act, § 206; *Gruner* v. *Ruffner*, 134 App. Div. 837, 840.) At the time of the service of this order by mail the infant defendant was neither a non-resident nor temporarily absent from this State. The affidavit upon which the order is based states that the infant defendant " resides with his parents " at the above-mentioned address. Whether the order appointing the guardian *ad litem* of the infant defendant was made pursuant to the provisions of subdivision 1 of section 204 of the Civil Practice Act or of section 206 is immaterial, for the reason that the court, never having acquired jurisdiction of the person of the infant defendant, the order appointing him guardian *ad litem* is a nullity.

Defendant's motion to dismiss the complaint for lack of jurisdiction is granted; exception to plaintiffs; ten days' stay. Plaintiffs' remedy is to start a new action and to apply to the discretion of the court for a preference. (*Marty* v. *Roberts*, 146 Misc. 332.)