**CUTTING et al. v. BULLERDICK et al.**
No. 12324.

United States Court of Appeals,
Ninth Circuit.

May 9, 1951.

See also, 9 Cir., 178 F.2d 774.

---

1. 46 U.S.C.A. § 972.

Harold J. Butcher, Anchorage, Alaska, for appellants.

George B. Grigsby, Edward V. Davis, Wendell Kay and J. L. McCarrey, Anchorage, Alaska, for appellees.

Before HEALY, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Pursuant to a written contract entered into between one Russell W. Smith and appellant, Audrey Cutting, the said Russell W. Smith erected a house on a lot situate. in Anchorage, Alaska. In the contract Audrey Cutting was designated the owner of the lot. Smith built the house but became involved in financial difficulties and as a result was unable to pay the laborers and materialmen furnishing labor and supplies. Liens were filed against the property pursuant to the provisions of 1 Alaska Compiled Laws, Annotated, § 26–1–5 (1949), and in due time suit was instituted for the purpose of foreclosing the lien claims.

In the two original complaints one Ralph Russell Thomas and Audrey Cutting were named as the owners and reputed owners of said premises, Ralph Russell Thomas being, at the time of filing the complaints, the record owner. After trial a decree of foreclosure was entered. Subsequent to the filing of the original complaints, by leave of court first had and obtained, certain of the lien claimants not named in the original complaints were permitted to intervene. During the interval between the filing of the original complaints and the filing of the complaints in intervention there was filed for record a deed purporting to convey title to the lot in suit to one Sylvia A. Henderson, a minor daughter of Audrey Cutting. This deed was executed prior to the construction of the house.

As a consequence one or more of the complaints in intervention named said Sylvia A. Henderson as a party defendant but no service of summons was made upon her. An answer purporting to be on behalf of the minor was filed by the attorney for appellant Audrey Cutting. The court proceeded with the trial on the assumption that Sylvia A. Henderson had properly been made a party defendant, and that Audrey Cutting had been appointed as guardian ad litem. Later, the attorney representing Audrey Cutting represented to the court that he had no authority to represent the minor. At the conclusion of the trial the court, then being made aware that Audrey Cutting had not been formally appointed guardian ad litem, made a nunc pro tunc order appointing Audrey Cutting guardian ad litem of said Sylvia A. Henderson. That order was not sufficient to confer jurisdiction as to the said minor inasmuch as she was not served with process.

Under 3 A.C.L.A. § 55-4-6 (1949) suit is properly commenced by delivering a copy of the summons and the complaint as follows: "In all cases, to the defendant personally, or if he be not found, to some person of the family above the age of fourteen years at the dwelling house or usual place of abode of the defendant." Other provisions for service upon a minor under the age of fourteen years are made but have no application here because the minor was 17 years of age at the time of trial.

We have not found nor have we had our attention called to an Alaska case in point on the question of the necessity of the service of process on the minor in order to confer jurisdiction, but the Alaska statutes are explicit in that requirement. Such a construction has been given similar statutes in many jurisdictions. See 1 A.L.R. 919 (1919). The Alaska Code of Procedure was taken from the Oregon Code in 1900. See Carter's Annotated Alaska Codes xviii, 152–53 (1900); 1 Ore. Compiled Laws Annotated, § 1–605 (1940); Hill's Annotated Laws (Ore.) §

55. Cases decided by the Oregon courts prior to the adoption of the Alaska statute are pursuasive if not controlling. Before this section was adopted the Oregon court had held that jurisdiction over a minor is not acquired by the appointment of a guardian ad litem unless personal service on the minor conforms to the requirement of the statute. Harris v. Sargeant, 1900, 37 Or. 41, 60 P. 608. See also, Cobb v. Klosterman, 1911, 58 Or. 211, 114 P. 96. Early cases from the state of New York are also directly in point because Oregon law, in the particulars under discussion here, was taken in 1864 from the New York Civil Practice Act. See Harris, History of the Oregon Code, 1 Oregon Law Review 129, 184, 197, 206, 215 (1922); Grant v. Van Schoonhoven, 1841, 9 Paige, N.Y. 255, 37 Am.Dec. 395. Also, Ingersoll v. Mangam, 1881, 84 N.Y. 622, 625. Later New York cases adhere to this rule.[1]

Sylvia A. Henderson, not having been made a party in the court below, has no right of appeal to this court and the appeal as to her must be dismissed. No motion has been made asking a dismissal but we are required to note lack of jurisdiction on our own motion. If the minor's interests are jeopardized by the District Court judgment perhaps other measures may be taken to protect them.

This leaves for consideration the contentions on this appeal of Audrey Cutting, the sole remaining appellant. Some 16 assignments of error are made. Our decision as to the status of Sylvia A. Henderson disposes of a number of them and we find no merit in those remaining.

It is contended that the minor is an indispensable party and the failure to bring her into the action leaves the court without jurisdiction to proceed. We do not agree. Under the Alaska code it is not necessary to join all parties interested; 1 A.C.L.A. § 26–1–13 (1949) provides in part that persons personally liable and lien holders of record shall, "and all other persons interested in the matter in controversy or in

[1] See Crouter v. Crouter, 1892, 133 N.Y. 55, 30 N.E. 726; In re Morris' Estate, Surr.Ct.1933, 149 Misc. 483, 267 N.Y.S. 644; Lella v. Holman, City Ct.N.Y.1938, 166 Misc. 796, 3 N.Y.S.2d 352.

the property sought to be charged with the lien may, be made parties; but such as are not made parties shall not be bound by such proceedings." When the suit was commenced, the trial court had before it the record owner and the reputed owner, and therefore had jurisdiction to proceed to hear and determine the questions presented as to the rights and obligations of the parties properly before it. The subsequent recording of the deed to the minor could not divest the court of such jurisdiction as had already attached. Since the minor is not bound as a party to this proceeding her presence is not indispensable.[2]

■ Under assignment X error is alleged on the part of the court in rendering a personal judgment against Audrey Cutting who was neither owner nor agent of the owner of the real property. A personal obligation having been undertaken by Audrey Cutting the judgment is authorized by 3 A.C.L.A. § 56–1–31 (1949) which provides that in a foreclosure action "if it appear that a promissory note or other personal obligation for the payment of the debt has been given by the * * * lien debtor, or by any other person as principal or otherwise, the court shall also adjudge a recovery of the amount of such debt against such person or persons, as the case may be, as in the case of an ordinary judgment for the recovery of money."

■ Other assignments deal with the sufficiency of the lien claims and the alleged failure of the complaints to state causes of action. As to the claims, 1 A.C. L.A. § 26–1–5 (1949) requires that they contain a true statement of the demand, "with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials," and a description of the property. The claims in

question contained each of these statements. Appellant urges, however, that the claims should have contained, in addition, a statement that the labor and materials were furnished at the request of the owner. In support of this proposition, appellant cites Russell v. Hayner, 9 Cir., 1904, 130 F. 90. That case dealt with the sufficiency of the complaint, not of the claim. We find no merit in this argument. See Osborn v. Logus, 1895, 28 Or. 302, 320, 37 P. 456, 38 P. 190, 42 P. 997, 1001.

The two original complaints alleged, inter alia, that Thomas was the owner of the premises, and that Audrey Cutting was the reputed owner. Appellant argues that these allegations were insufficient in that they did not allege, in addition, that the true owner was unknown, and again relies on Russell v. Hayner, supra. To allege in the same complaint that Thomas is the owner *and* that the owner is unknown would be rather a strange procedure. Russell v. Hayner suggests no such requirement.

Objection is made that the original complaints lack allegations as to the effect that the work was performed at the instance of the owner. Examination of the complaints reveals that they each contain this precise allegation.

■ Certain of the complaints-in-intervention omit this allegation but at the conclusion of the trial the court ordered the complaints amended in this respect. Appellant argues that this amendment was an abuse of the court's discretion. We are unable to agree.

As hereinbefore stated, Audrey Cutting is the sole appellant here. We have considered and disposed of all assignments of error she is in a position to urge and find therein no ground for reversal.

Judgment affirmed.

2. Cf. Turner v. Enstrom, 1914, 5 Alaska 118, 120; Laud v. Muirhead, 1856, 31 Miss. 89; Porter v. Wilder & Son, 1879, 62 Ga. 520, 527; Schaeffer v. Lohman, 1863, 34 Mo. 68, 73; Ford v. Wilson, 1890, 85 Ga. 109, 11 S.E. 559; Evans v. Dockins, Ct.App.St.Louis, Mo., 1931, 40 S.W.2d 508; Fischer Lime & Cement Co. v. Kaucher, 1932, 164 Tenn. 657, 51 S. W.2d 492, 494; Cook v. Goodyear, 1891, 79 Wis. 606, 48 N.W. 860, 862.