## THE CITY BANK *vs.* BANGS and others.

The answer of a wife cannot be read as evidence against her husband; nor can she be examined as a witness against him.

Neither the answer or the evidence of the wife can be used for the purpose of influencing a decision for or against her husband.

The wife may be examined as a witness between other parties, although the husband has a collateral interest in opposition to the party calling her. ·

The wife is not bound to answer a bill of discovery as to matters in which she has no personal interest.

November 24.    UPON the bill of interpleader filed in this cause it was referred to a master to examine and report which of the several defendants was entitled to the fund in controversy, with liberty for the defendants respectively to file a statement in the nature of a bill of discovery against their co-defendants, and to compel an answer to the same. (*See* 2 *Paige's Rep.* 570.) Maria Van Riper, one of the defendants, now presented a petition, stating, among other things, that most of the facts on which she relied as entitling her to a share of the fund in court were only known to the wife of the defendant Bangs; and she therefore prayed that Mrs. Bangs might be made a party to the suit, in order that she might be examined as a party, under the order of reference. The defendant Bangs resisted the application on an affidavit that his solicitor had offered to consent that the defendant Van Riper might examine his wife as a witness before the master; which offer was declined,

*W. Maloch,* for the petitioner.

*R. Bogardus,* for the defendant Bangs.

THE CHANCELLOR. This application must be denied on the merits, without reference to the form in which it is presented. As the answer of a wife cannot be read as evidence against her husband, and she cannot be examined as a witness against him, she is not bound to answer a bill of discovery as to matters in which she has no personal interest. Although the wife's vigilance in this case may have enabled her

husband to detect the offender and recover the money, so as to entitle himself to the reward, yet in law the reward belongs to him and not to her ; and she cannot be a witness, either for or against him in this matter.　In the case of *Le Texier* v. *The Margrave of Anspach et ux.* (5 *Ves.* 323,) the bill charged, that the Margravine had acted as the agent of her husband in the management of all his household affairs, and in the supplying of the establishment by the complainant, &c. ; that a knowledge of the facts, as to many of the transactions, was possessed by her alone, and that she had possessed herself of the vouchers of the complainant and withheld them, so that he could not prove his accounts.　If any case could have justified a bill of discovery against the wife in aid of a claim against the husband, the facts charged in that bill would seem to have presented such a case ; but Lord Rosselyn, after two arguments, allowed a demurrer put in by the Margravine ; and on a subsequent rehearing before Lord Eldon, the decision of his predecessor was sustained.　(15 *Ves.* 159, *S. C.*) In the case of *Rutter* v. *Baldwin,* (1 *Eq. Cas. Abr.* 226,) it is said to have been decided, in the time of Lord Macclesfield, that the answer of the wife might be read against her husband, where by collusion of the husband and wife the marriage had been concealed from the complainant, and where the mortgage was taken by the wife as a feme sole.　There had subsequently, however, been a decree of separation, in that case ; and the wife was probably a necessary party to the bill, the mortgage having been taken in her own name for the monies of the complainant, which were thereby secured jointly with her own.　But the authority of that case is seriously questioned in the case of the Margravine of Anspach, before referred to.　And in a subsequent case, *Barron* v. *Gillard,* (3 *Ves. & Beam,* 165,) it was decided that a bill of discovery could not be sustained against the wife; to aid the prosecution of a suit at law against the husband and wife for a debt contracted by her while a feme sole.　(*See also, Alban and others* v. *Pritchett,* 6 *Term Rep.* 680.)　It appears now to be well settled that neither the answer or the evidence of the wife can be used for the purpose of influencing a decision for or against her husband.　But she may be examined as a witness between

other parties, although the husband has a collateral interest in opposition to the party calling her. (*Cole* v. *Gray*, 2 *Vern.* Rep. 79. *Ex parte James*, 1 *Peer Wms.* Rep. 610. *Vowell* v. *Young*, 13 *Ves.* 144. *Nelius* v. *Brickell's Adm.*, 1 *Hayw.* Rep. 19. *Hughes* v. *Stokes, id.* 372. *Fitch* v. *Hill,* 11 *Mass.* Rep. 286.)

The petitioner should have accepted the offer of Bangs, to permit his wife to be examined as a witness, if she needed her testimony. As this was more than the petitioner had any legal right to ask, and was all that could in justice be required, the petition must be dismissed with costs.