PILLOW and wife *vs.* BUSHNELL and others.

In an action for an assault and battery on the wife, brought by the husband and wife as plaintiffs, the defendant cannot require the wife to testify as a witness, either under the act of 1847 or under section 344 of the code of procedure.

The only disqualification designed to be removed by the statute was that of being a party to the record. It was not intended to change the common law rule which declared the wife incompetent to testify as a witness either for or against her husband.

A person incompetent to testify, from any cause, cannot be made a competent witness under the statute by being made a party to the record. .

As a primary rule in the construction of statutes, the intention is to be collected from the words; but when the words are not explicit, it is to be gathered from the occasion and necessity for the law, the defect of the former law, and the designed remedy; being the causes which moved the legislature to enact it.

In an action by husband and wife, brought to recover damages for an injury to the person of the wife, the defendant is at liberty to prove that the act complained of was done by the consent and request of the wife; and if such facts are proved, they will constitute an entire defence.

THIS was an action brought by husband and wife, for an assault and battery on the wife, tried at the Columbia circuit, before Justice CADY, in October, 1848. The plaintiffs, some time after their marriage, had joined the society of Shakers, at New Lebanon. The husband abandoned the society, and afterwards, in August, 1847, went back to New Lebanon for the purpose of taking away his wife. She was unwilling to leave, and the assault and battery charged was that the defendants had rescued the wife from the husband when he had her by the arm taking her out of the house. The defence was that in what the defendants did they acted by the consent and at the request of the wife. After the plaintiffs rested, the defendants called Mrs. Ann Pillow, one of the plaintiffs, as a witness to prove the defence. The plaintiff's counsel objected, on the ground that she was called in hostility to the husband's claim, and contended that she was not a competent witness against the plaintiffs. The court overruled the objection, and admitted

the wife as a witness, and the plaintiff's counsel excepted. The judge, among other things, charged the jury that the wife was necessarily a party on the record; that the declaration alleged the assault and battery to have been committed on her, and she was therefore the meritorious cause of action; and that if the jury were satisfied that no assault had been committed upon her, or that what was done by the defendants was with her consent and concurrence and by her desire, they must find a verdict for the defendants; for if she, being the party assaulted, consented to the assault, if one was proved to have been committed, the action would not lie. The plaintiff's counsel excepted to that part of the charge which held that her consent constituted a defence. And the jury found a verdict for the defendants.

*M. Sanford,* for the plaintiffs.

*C. L. Monell,* for the defendants.

*By the Court,* PARKER, J. The first question to be considered is, whether the wife was a competent witness against the plaintiffs. At common law, husband and wife are excluded from giving evidence for or against each other. They cannot be witnesses *for* each other, because of the identity of interest; nor *against* each other, on a principle of public policy which deems it necessary to guard the security and confidence of private life, even at the risk of an occasional failure of justice. (1 *Phil. Ev. Cowen & Hill's Notes,* 147, *note.* 142. *Greenl. Ev.* §§ 334, 353.) Lord Coke says " a wife cannot be produced against her husband, as it might be the means of implacable discord and dissension between them." (*Coke Litt.* 6, *b.*) And Starkie gives as the reason for the rule that she is thus excluded for fear of creating distrust and sowing dissensions between them, and occasioning perjury. (2 *Starkie's Ev.* 706.) Under this general rule it has been frequently held that when the husband is a party the wife cannot be a witness either for or against him. (2 *Haw. Cr. L.* 46. 2 *Hale,* 279. 2 *Str.* 1095.

*Fitch* v. *Hill*, 11 *Mass. Rep.* 286. *City Bank* v. *Bangs*, 3 *Paige*, 36.) So inflexible is this rule, that in a case where the defendant married one of the plaintiff's witnesses after she was actually summoned to testify in the suit, she was held incompetent to give evidence. (*Pedley v. Nellerby,* 3 *Carr. & P.* 558.) The exceptions to the rule are very few, and arise from the necessity of the case; as where the wife is admitted to prove violence to her person, committed by the husband. (*Greenl. on Ev.* § 343.)

So careful is the law to preserve inviolate the confidence between husband and wife, that even after the marriage has been dissolved by divorce *a vinculo matrimonii,* the wife although she may be sworn and is a competent witness as to some matters, is not permitted to disclose conversations or facts that transpired during the coverture. (*Monroe* v. *Twistleton, Peake's Add. Cas.* 219. *State* v. *Phelps,* 2 *Tyler's Rep.* 374. *Ratcliffe* v. *Wales,* 1 *Hill,* 63.) And the same principle was applied where, after the death of the husband, the wife was called as a witness against the administrator. (*Babcock, administrator,* v. *Booth,* 2 *Hill,* 181.) It is certain that if the suit were brought by the husband alone, his wife could not be a witness either for or against him.

But in this case the wife is a party plaintiff. The suit is brought for an injury to her person, and she was necessarily joined with her husband as plaintiff. And being a party, it is contended on the part of the defendants that she is made a competent witness by statute. By the act of 1847, authorizing parties in civil suits to obtain the testimony of the adverse party, (*Laws of* 1847, *p.* 630,) it is provided that " any party in any civil suit, &c. may require any adverse party, whether complainant, plaintiff, petitioner or defendant, or any one of said adverse party, to give testimony under oath in such suit or proceeding, in the same manner as persons not parties to such suit or proceeding and who are competent witnesses therein." An enactment substantially the same, though in different language, is found in § 344 of the code of procedure, which is as follows: "A party to an action may be examined as a

Pillow *v.* Bushnell.

witness at the instance of the adverse party, or of any one of several adverse parties, and for that purpose may be compelled in the same manner and subject to the same rules of examination as any other witnesses, to testify either at the trial, or conditionally, or upon commission." This section is made applicable to suits pending at the time the code of procedure took effect, and this suit belongs to that class.

The language of the act of 1847, if literally construed, and without reference to other guides which we are to consult in giving a construction to statutes, might admit of the application claimed by the defendants. "Any adverse party" is an expression broad enough to include every individual made a party, no matter what may be his relation to another party. But statutes must be expounded according to the meaning, and not according to the letter. (1 *Kent's Com.* 462. *Dwarris on Stat.* 552, 557. *Smith's Com. on Stat.* §§ 480, 515, 550. *Gilman's Dig.* 187, § 5.) *Qui haeret in litera, haeret in cortice.* The letter of the law is the body; the sense and reason of the law is the soul. (*Eysler* v. *Studd, Plowden,* 465. 2 *Inst.* 107.) It is true, it is a primary rule that the intention is to be collected from the words; but when the words are not explicit it is to be gathered from the occasion and necessity of the law, the defect of the former law, and the designed remedy; being the causes which moved the legislature to enact it. (*Dwarris on Stat.* 562.) And the same author says, " it is not to be presumed that the legislature intended to make an innovation upon the common law further than the case absolutely required. The law rather infers that the act did *not* intend to make any alteration, other than what is specified; for if the parliament had had that design it is naturally said they would have expressed it." (*Id.* 564. *Smith's Com. on Stat.* § 530.)

I think it is clear that the object of this statute was simply to remove the technical objection that previously existed, under which a person could not be compelled to testify, because he was a party to the record; (1 *Phil. Ev.* 72; *Greenl. Ev.* § 353;) and that the only disqualification intended to be removed was that which arose from being a party to the record. It can no

Pillow *v.* Bushnell.

longer be objected by the witness that he is a party to the suit; but if there be any other disqualification, it is not removed by the statute. I am unwilling to suppose it was the intention of the legislature to destroy, by implication, and without any enactment clearly expressing such design, the ancient, well settled, and most salutary rule of law which precluded both husband and wife from being witnesses against each other. The reasons which, for centuries, have sustained this rule of evidence against infringement, are no less cogent now than formerly. At no former period has it been more emphatically the dictate of sound public policy to preserve the sacredness of the marriage relation, by protecting its confidence, and guarding against discord and dissension.

The act of 1847 is not expressly repealed by the code; but if there is any substantial difference in the language of the two acts, the latter would seem to give a legislative construction to the former, if indeed it does not entirely supersede it. I do not, however, think it material to decide this point, having come to the conclusion that the true construction of this new provision, even upon the language used in the act of 1847, does not render the wife a competent witness. An analogous construction was given to the statute of Gloucester, ch. 5. In regard to it, it is said in 2 *Coke's Inst.* 300, " though the assignee of tenant by the curtesy or dower is within the letter of that statute, for he holdeth in some manner for life; and the words are *ou en auter maner a terme de vie;* yet no action of waste shall be brought by the heir against the assignee, but only against the tenant by curtesy or dower, these being the sole persons against whom it lay at the common law."

If the statute is to be construed as making every party a competent witness, on the call of the adverse party, then it would remove the disqualification of several classes of persons now incompetent—such as convicted felons, insane persons, idiots, children who do not understand the moral obligation of an oath, and others. This could never have been intended. It is not claimed that the wife could have been called against her husband in a suit brought in his name alone. Can it be,

that making her a party renders her competent? If so, then a witness is qualified to testify by the fact of being made a party to the suit. A wife not a party is incompetent, but a wife who is a party and who thus has what was formerly an additional disqualification, is a competent witness. Though the same reasons for excluding her as a witness are equally applicable in both cases.

On the whole, I am well satisfied the learned justice erred in receiving the wife as a witness.

As to the other question presented, I am equally well satisfied that the charge was correct. If the act complained of as an assault and battery was committed by the consent and request of the wife, it formed an entire defence. But the ruling at the circuit having been erroneous on the first point, there must be a new trial. Costs to abide the event.

