Babbott *v.* Thomas.

* * *

### BABBOTT and wife *vs.* THOMAS.

In an action brought by husband and wife, to cancel a bond and mortgage executed by them, and to restrain the foreclosure of the mortgage, the husband offered himself as a witness to prove usury in the consideration. *Held* that the husband was a competent witness on his own behalf, notwithstanding the wife's interest in the event of the suit, by reason of her inchoate right of dower in the mortgaged premises.

APPEAL by the plaintiffs from a judgment entered upon the report of a referee, dismissing the complaint.

*F. Kernan*, for the appellants.

*Ward Hunt*, for the defendant.

*By the Court*, PRATT, J. The action in this case was brought to cancel a bond and mortgage and to restrain the foreclosure of the mortgage. The mortgage was executed by Babbott and wife, and the plaintiffs claim that it was given upon a usurious consideration. On the trial Babbott offered

Babbott *v.* Thomas.

himself as a witness, to prove the usury.  Upon objection by the defendants he was excluded, upon the ground that the wife was interested in the event of the suit, having an inchoate right of dower in the mortgaged premises.  This is the only question in the case.

I think the husband was a competent witness on his own behalf.  In the first place, the wife was not a necessary party to the suit.  If she could be affected by the result of the suit, it would not be in consequence of any direct adjudication upon her rights, but from the adjudication upon the rights of her husband.  If the suit had been brought by the husband alone, the effect of an adjudication, I think, would be precisely the same.  If he should succeed in procuring the bond and mortgage to be canceled, the land would be free from the mortgage as well in regard to her inchoate right of dower as to the husband's fee.  So, on the other hand, had he failed, it would for ever be conclusive upon the question of usury.  She might as well be made a party in an action of ejectment by or against the husband.  Her inchoate right of dower is not such a right as to be capable of being established or divested by a judicial determination against the wife directly.

In the second place, the inchoate right of dower in the wife is not such an interest as will exclude the husband from being a witness in a suit which involves the title or interest of the husband upon which such inchoate right of dower depends.  Had a suit been brought against the husband, upon the bond, it seems to me the wife's interest would be precisely the same.  It is a remote contingent interest which would not render the wife herself, at common law, incompetent upon the ground of interest.

The interest that excludes "must be a present, certain and vested interest, and not an interest uncertain, remote or contingent."  (1 *Greenl.* § 390.  1 *Salk.* 283.  5 *John.* 256.  1 *id.* 491.)

It can scarcely be claimed that the inchoate right of dower is a vested interest.  Again; in collateral proceedings not directly, nor immediately affecting their interests, the husband

and wife are competent witnesses. (1 *Phil. Ev., Edwards'*
*ed.* 84. 1 *Greenl.* 142.)

Under the code it is not the interest which excludes, at all,
but considerations of public policy. And the same policy re-
quires that when the interests of others are involved directly,
and that of the husband or the wife only collaterally or re-
motely, they should not be excluded. (1 *Phil. Ev.* 86.
1 *Strange*, 504.)

The principle of exclusion which, within proper limits, is a
salutary one, should not be extended beyond the cases wherein
the immediate and direct interests of the husband and wife
are involved.

It was held in *The City Bank* v. *Bangs et al.* (3 *Paige*, 36,)
that a wife might be examined as a witness between other par-
ties, although the husband had a collateral interest in opposi-
tion to the party calling her. The same was decided in *Fitch*
v. *Hill*, (11 *Mass. Rep*: 286.)

Upon the whole, I think the judgment should be reversed,
and a new trial ordered.

[ONONDAGA GENERAL TERM, April 5, 1859. *Pratt, Bacon, W. F. Allen* and
*Mullin,* Justices.]