NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—July, 1882.

## SCHERRER V. KAUFMAN.

*In the matter of the probate of a paper propounded as the last will and testament of* MICHAEL SCHERRER, *deceased.*

The interest in the event of a special proceeding, which will, under Code Civ. Pro., § 829, disqualify a witness from testifying as therein specified, must be a present, certain and vested, as distinguished from a remote, uncertain or contingent interest. The test is that the witness will gain or lose by the direct legal operation of the decree, or that the record will be legal evidence for or against him in some other cause.

The possible right of dower of the wife of a son of a deceased owner of real property, in such of the property as the son might inherit if decedent should be adjudged to have died intestate, not being an interest of the requisite character, does not disqualify her, in a special proceeding for the probate of decedent's will, from testifying against the executor, to a personal transaction or communication between herself and decedent.

Authorities, upon the question of disqualification of a witness by virtue of the possession of a dower interest,—compared.

MOTION to expunge, as incompetent under Code Civ. Pro., § 829, testimony given in proceedings instituted by Catharine Kaufman for the probate of decedent's will. The facts appear sufficiently in the opinion.

A. W. NICOLL, *for Peter Scherrer and another, contestants.*

H. GREAVES, *for proponent.*

THE SURROGATE.—The decedent died possessed of both real and personal property. A paper has been offered for probate, which purports to be his will and to dispose of his entire estate. A contest has arisen as to the genuineness and validity of this instrument, in the course of which the wife of one Peter Scherrer, a son of the decedent, has been examined as a witness. She has been permitted to give in evidence certain conversations between herself and her father-in-law, under objection that the reception of such testimony was in violation of section 829 of the Code of Civil Procedure. The court has reserved until now its decision upon a motion to strike out this evidence as incompetent. The language of the section in question is as follows:

"Upon the trial of an action or the hearing upon the merits of a special proceeding, a party or person interested in the event . . . shall not be examined as a witness in his own behalf or interest . . . against the executor of a deceased person . . . concerning a personal transaction or communication between the witness and the deceased person" . . .

To this rule of exclusion there is an exception, which is not pertinent to the present inquiry. As to the nature of Mrs. Scherrer's testimony, it suffices to say that it admittedly falls under the ban of the section above quoted. But is she, within the meaning of that section, "a person interested in the event" of this proceeding, simply because of the fact that she is the wife of an heir at law of the decedent, and as such has a right of dower in any real

estate which he may inherit, if the alleged will of his father be refused probate?

This precise question has never, so far as I have discovered, been judicially determined. Until recently, it could scarcely have arisen in this State, for the common law doctrine has here obtained that, whenever the husband was a party or was interested, the testimony of his wife was, for that cause, inadmissible. The present Code originally contained, in its 830th section, a distinct provision to that effect, but by chapter 166 of the Laws of 1878 that provision was repealed; and it is declared by section 828 that, with exceptions which need not be here considered, the fact that one is the wife of a party, or of a person in whose behalf a suit is prosecuted or defended, does not render her testimony inadmissible. The question then recurs, is Mrs. Scherrer, by her interest in the event of this controversy, disqualified from disclosing personal transactions and communications between herself and the decedent?

In the case of Hobart v. Hobart (*62 N. Y.*, *80*), the Court of Appeals approvingly cites a passage from Greenleaf's Evidence, touching the kind of interest which makes a witness incompetent. It is as follows:

"The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action."

"It must be a present, certain and vested interest, and not an interest uncertain, remote or contingent."

See also Van Nuys v. Terhune (*3 Johns. Cas.*, *82*); Jackson v. Rumsey (*3 Johns. Cas.*, *237*); Reynolds v. Mynard (*Howard's Cas.*, *624*).

It may well be doubted whether the "direct legal operation and effect" of whatever judgment may be entered in this proceeding can result in either gain or loss to the witness. It is very certain that the record cannot be "legal evidence for or against" her in another proceeding; and, so far as relates to real estate, no decree of this court, whether the instrument here in dispute be granted or refused probate, will be conclusive upon the parties (Code, § 2627).

In Jackson v. Van Dusen (*5 Johns., 144*), it was held that deceased's widow was a competent witness in an action of ejectment brought to recover the possession of lands claimed under her husband, and in which she would be entitled to dower. To a somewhat similar effect is the decision of Jackson v. Bard (*4 Johns., 230*). The case of Babbott v. Thomas (*31 Barb., 277*) is also in point. It must be borne in mind that this was decided at a time when the Code of 1849 was in operation. The courts had held that, although, under the provisions of that Code, interest in the event did not, except in certain specified cases, disqualify a person as a witness, yet the husband or wife of a person so interested still remained, by virtue of the marital relation, under the same disqualification which existed at the common law. The case just cited was an action brought by husband and wife, to cancel a bond and mortgage, which, as they claimed, had been executed by them upon a usurious consideration. At the trial before a referee, the husband was called as a witness. That he was competent to testify on his own behalf was not disputed, but his testimony was, nevertheless, excluded upon the ground that his wife, by reason of her inchoate right of dower in the mortgaged prem-

ises, was interested in the event of the action. On appeal, this exclusion was declared erroneous by the Supreme Court, General Term, the court holding that the wife's interest was so remote and contingent as not to render her own testimony incompetent and therefore not to disqualify the husband.

There are two reported cases which are somewhat at variance with those above cited.

In Eckford v. De Kay (*6 Paige, 565*), it was held that a widow entitled to dower in the real estate of her deceased husband was not competent to establish the fact that a deed which they had executed, though absolute on its face, was intended only as a mortgage. In this case, however, the wife was a party to the action, and its direct and sole object was to change to a mortgage what purported to be a deed, and thereby to restore her right of dower which was else extinguished.

My attention has also been called to the case of Farnsworth v. Ebbs (*2 Hun, 438*). The suit was brought to foreclose a mortgage given by a person who had died before the trial took place. Two of the parties defendant were husband and wife. The former set up the defense of usury, and the wife appeared, but did not answer. She was examined as a witness before a referee, and testified to a conversation between herself and the decedent, tending to support her husband's defense. On motion of the plaintiff, this testimony was subsequently stricken out, and upon appeal the action of the referee was sustained by the Supreme Court. It does not distinctly appear whether the wife was held incompetent on account of her interest in the event, or because of her being a party to the action. The latter circumstance worked, of itself,

a disqualification, by the clear and unequivocal terms of the statute. Allusion is made, in the opinion of the court, to the fact that the wife had an inchoate right of dower in the estate which was the subject of the litigation, and an intimation is given that such right was an "interest in the event" sufficient to demand the rejection of her testimony. As its rejection, however, was not distinctly put upon that ground, and was plainly defensible upon another which I have already specified, this decision should not be deemed authoritative upon the question under discussion.

The case at bar differs, from any to which reference has been made, in one particular which is discovered to be of signal importance, in view of the decision of the Court of Appeals that an interest, sufficient to disqualify a witness, must be "present, certain and vested," as distinguished from "uncertain, remote and contingent."

The husband of the witness is not now seized of the real estate to which the present contention in part relates. And he may never become seized of the same or of any part of it. For aught that has yet appeared, it may hereafter be necessary, indeed, to devote the entire estate of the decedent to the payment of his debts. Now, there are three things necessary to consummate a right of dower—marriage, seizin and survivorship. A wife's dower interest attaches when the husband becomes seized of real property, and not before. It cannot be said with propriety that she has, until then, even an inchoate right. She simply enjoys the possibility of being thereafter endowed (Wait v. Wait, 4 N. Y., 99). If any interest may be aptly described as "uncertain, contingent and remote," it would seem to be the interest

of Mrs. Scherrer in the present controversy. In view of these considerations, I must deny the motion to strike out her testimony.

Ordered accordingly.