MORRIS SEIDEN, an Infant, by DAVID SEIDEN, His Guardian ad Litem, Respondent, *v.* JOHN B. REIMER and OTTO B. REIMER, Appellants.

DAVID SEIDEN, Respondent, *v.* JOHN B. REIMER and OTTO B. REIMER, Appellants.

First Department, February 6, 1920.

Motor vehicles — negligence — liability of one joint owner who was riding in automobile for negligence of other, his infant son, who was operating car — failure to have guardian ad litem appointed not cured by judgment.

A father is liable for injuries resulting from the negligent operation of an automobile by his infant son where the automobile, which was owned jointly by father and son, was maintained for the pleasure of the members of their family and the father was riding in the car and participating in its operation at the time of the accident.

The failure to appoint a guardian *ad litem* for an infant defendant in a negligence action is not a defect that will be cured by the judgment under section 721, subdivision 7, of the Code of Civil Procedure.

APPEAL in each of the above-entitled actions by the defendants, John B. Reimer and another, from a judgment of the

Supreme Court in favor of the plaintiff in each action, entered in the office of the clerk of the county of New York on the 21st day of January, 1919, upon the verdict of a jury for $6,500 in the first action and for $1,500 in the other, and also from an order in each action entered in said clerk's office on the 21st day of February, 1919, denying a motion for a new trial made upon the minutes.

*Theodore H. Lord* of counsel [*Fred H. Rees* with him on the brief], for the appellants.

*Martin W. Littleton* of counsel [*George M. Curtis, Jr.,* and *Leonard F. Fish* with him on the brief; *Schleider & Schleider,* attorneys], for the respondents.

PAGE, J.:

The actions were brought by the infant plaintiff to recover damages for personal injuries, and by his father to recover for loss of services sustained by reason of the negligence of the defendants. The actions were tried together.

The defendants are father and son and were joint owners of the automobile, the negligent operation of which the jury found caused the injuries. The evidence sustained the verdicts that the defendants were negligent and the infant plaintiff was free from contributory negligence. The automobile was not a business car but was maintained for the pleasure of the defendants and members of the family. At the time the infant plaintiff was injured John B. Reimer and his daughter were upon the rear seat and the car was being operated by the son. It was shown that the defendants were engaged in the joint enterprise for which the car was maintained and was being operated by one of the joint owners, while the other was present and participating therein. This consideration distinguishes this case from *Potts* v. *Pardee* (220 N. Y. 431) and the class of cases therein relied upon. It transpired upon the trial that the defendant Otto B. Reimer was an infant of the age of twenty years. The action was commenced in 1916 and there was no guardian *ad litem* appointed for the said infant. A motion was made at the conclusion of the case to dismiss the complaint as to Otto B. Reimer " on the ground he is proved to be an infant, improperly in court,

without a guardian appointed, and judgment might not properly be taken against him for that reason." To which the court replied: " In so far as judgment being taken against him, I will appoint a guardian for the purpose of entering judgment against him if there is any judgment." The judge could at that time have entered an order appointing a guardian *ad litem nunc pro tunc,* but having failed to do so, the matter rests with the judgment against an infant defendant for whom no guardian *ad litem* had been appointed. Sections 471 and 472 of the Code of Civil Procedure provide that an infant defendant must appear by guardian, who · must be appointed upon the application of the infant if he is fourteen years of age or upwards and applies within twenty days after personal service of the summons, or if he is under that age or neglects so to apply upon application of any other party to the action or of a relative or friend of the infant. The judgment being against the infant, this defect is not one of those that is cured by the judgment. (Code Civ. Proc. § 721, subd. 7. See *Anderson* v. *Anderson,* 164 App. Div. 812.)

The actions should be severed and the judgments entered against John B. Reimer be affirmed, with costs, and the judgments against Otto B. Reimer be reversed and a new trial ordered, with costs to the appellants to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Actions severed and the judgments against John B. Reimer affirmed, with costs; judgments against Otto B. Reimer reversed and a new trial ordered, with costs to appellants to abide event. Settle order on notice.