ANNA PACILIO, Plaintiff, *v.* ANTHONY SCARPATI and Others, Defendants.

City Court of New York, Queens County, December 7, 1937.

*Perlo & Salamon [Henry S. Salamon* of counsel], for the plaintiff.

*Charles H. Bose,* for the defendant Anthony Scarpati.

*Ben M. Halpern,* for the defendants Philip Di Napoli and William Dioszeghy.

LIVOTI, J. This action was tried by the court and jury and a verdict was rendered against Di Napoli as the owner, and against Dioszeghy as the operator, of a car, which was involved in the accident that gave rise to this suit.

A motion was made to set aside the verdict as against Dioszeghy on the grounds, *first,* that he was an infant twenty years of age at the time the summons and complaint were served on him; and, *second,* that no summons was served on his father, mother or guardian, etc., as required by section 225 of the Civil Practice Act.

Both Di Napoli and Dioszeghy were represented by the same attorney, who interposed for them a formal answer consisting of a general denial. Dioszeghy at this time still was an infant and no guardian *ad litem* had been applied for or appointed. At the time of the trial he was still represented by the same attorney. Dioszeghy took the stand in his own defense, and while under cross-examination it was disclosed for the first time that, although he was twenty years old when the summons was served on him, he had now reached majority. Nothing was said or done by way of questioning the court's jurisdiction. When the motion was made at the end of the case to dismiss, no objection to the court's jurisdiction was raised. After summations and after the court's charge, the case was submitted to the jury, and they returned a verdict of $500 as against both Di Napoli and Dioszeghy and in favor of the other defendant, Scarpati. A motion to set aside the verdict was made, and for the first time the objection as to the court's jurisdiction was raised, urging that there was an incomplete service of the summons in that the father, mother or guardian, etc., had not been served, and, secondly, that no guardian *ad litem* had ever been appointed, and, therefore, there was no appearance by the guardian *ad litem* as required by section 202 of the Civil Practice Act.

The contention that service on an infant over fourteen years of age was defective because the summons was not served on the father, mother or guardian, etc., as required by section 225 of the Civil Practice Act, ordinarily would be a good one, provided there was nothing else in the case. (*McGrath* v. *Roefs*, 119 Misc. 641; *Weiser* v. *Landess*, 172 N. Y. Supp. 337; *Gruner* v. *Ruffner*, 134 App. Div. 837.) Certainly the court acquired no jurisdiction of the person of the infant defendant up to that time. No judgment could have been obtained against him, as section 492 of the Civil Practice Act would apply and reads as follows: " A judgment by default shall not be taken against an infant defendant until twenty days have expired since the appointment of a guardian *ad litem* for him."

*Seiden* v. *Reimer* (190 App. Div. 713; affd., 232 N. Y. 593). In this case the court held that failure to appoint a guardian *ad litem* for infant defendant is not a defect that will be cured by judgment under section 721, subdivision 7, of the Code of Civil Procedure (now Civ. Prac. Act, § 109, subd. 7). Jurisdiction of defendant, while an infant, could have been acquired by the court only through an appearance by the guardian *ad litem* as rule 39 of Rules of Civil Practice would apply, and it is here quoted: " If application for the

appointment of a guardian *ad litem* be not made on behalf of the infant within twenty days after the completion of service on him, such application may be made by any other party to the action as provided in section two hundred and three of the Civil Practice Act."

The relevant portion of section 203 of the Civil Practice Act reads as follows: " The guardian must be appointed upon the application of the infant if he is of the age of fourteen years or upwards  *  *  *;   and in the case of an infant defendant if no such application shall have been made the application may be made by any other party to the action."

Section 202 of the Civil Practice Act provides for manner of appearance when infant is a party, and the relevant part reads as follows: " When an infant is a party he must appear by a guardian *ad litem* who shall be appointed by the court in which the action is brought or about to be brought or a judge thereof."

The case of *Kindgen* v. *Craig* (162 App. Div. 508) is in point.

The different ways a party may appear are provided for by sections 236 and 237 of the Civil Practice Act. The appearance must be made by a person who is of full age. If the party is an adult, it may be made by him. If he is an infant, it must be made by the guardian *ad litem*. An infant, while an infant, cannot waive the defect that he did not appear by a guardian *ad litem*.  (*Leahy* v. *Hardy*, 225 App. Div. 323.)  While a party defendant is an infant, no act of his has any validity except through his guardian *ad litem*. Therefore, until the defendant's participation in the defense of the action after attaining majority, the proceedings were a nullity and the court had no jurisdiction. However, when the defendant, after majority, took the stand in his own defense, stated that he was then twenty-two years old, and his attorney continued with the prosecution of the defense without raising objection that the court had no jurisdiction, the defendant appeared and thereby submitted his person to the jurisdiction of the court. Part of section 237 of the Civil Practice Act, which provides for defendant's appearance, reads as follows: " A voluntary general appearance of the defendant is equivalent to personal service of the summons upon him."

Appearance means voluntary submission to the court's jurisdiction. Acts of an attorney in prosecuting an action on behalf of his client is an appearance. The voluntary general appearance of the defendant (who was now over twenty-one years of age), and, therefore, *sui juris*, was equivalent to personal service of the summons upon him. It gave the court personal jurisdiction. If

there was a defect in the service of the summons, or if no summons was served at all, the defendant's appearance would make that unnecessary. All the jurisdiction which proper service of the summons could give was obtained by defendant's voluntary appearance.

The mere attainment of majority without acts spelling out an appearance did not give the court jurisdiction. The cases of *Jacobson* v. *Krekell* (223 App. Div. 440); *Marty* v. *Roberts* (146 Misc. 332) and *Melnick* v. *Laszio* (161 id. 791, 792) are distinguishable from the case at bar in that after majority there was a default in appearance rather than an appearance. The court in those cases held, rightly, that judgment was void and should be vacated.

Jurisdiction of parties is acquired only by means of statute. (*Leahy* v. *Hardy, supra.*) Jurisdiction of defendant, whether an infant or *sui juris*, is acquired only by virtue of sections 202 and 225 of the Civil Practice Act. On the other hand, jurisdiction of a plaintiff is acquired by his coming into court voluntarily. If the plaintiff is an infant, a guardian *ad litem* may be appointed at any time during his infancy. Failure so to do is merely an irregularity. (*McGarity* v. *New York City R. Co.*, 51 Misc. 666; *Rima* v. *Rossie Iron Works*, 120 N. Y. 433.) Sections 105 and 109 of the Civil Practice Act also apply. If the infant is a defendant, a guardian *ad litem* must be appointed to act for the infant. Otherwise the court acquires no jurisdiction over that infant, and any acts of the infant alone cannot be binding upon him. He is presumed to be incompetent to carry on a lawsuit for his benefit or protection.

If an action is commenced by the infant without a guardian *ad litem*, no guardian need be appointed after he reaches majority, and proceedings are not invalid. (*Matter of Rousos*, [Sup.] 119 N. Y. Supp. 34; *McMurray* v. *McMurray*, 60 Barb. 117; affd., 66 N. Y. 175.)

The motion to set aside the verdict is, therefore, denied.