GOLDIE PETKER and Another, Plaintiffs, *v.* ALBERTA E. RUDOLPH, Defendant.

Supreme Court, Special Term, Bronx County, June 23, 1938.

*Lawrence Eichner*, for the plaintiffs.

*Charles Edward Rudolph*, for the defendant.

NOONAN, J. The defendant moves to dismiss the complaint on the ground that the court never acquired jurisdiction over the person of the defendant. The basic reason for the motion is that at the time of the service of the summons and complaint the defendant was an infant over fourteen years of age and service upon her was not made in the manner prescribed by subdivision 1 of section 225 of the Civil Practice Act.

The action is one by a wife and husband to recover damages for personal injuries and for medical expenses and loss of services caused by the negligence of the defendant in the operation of an automobile.

It is alleged that on June 12, 1934, the female plaintiff was on a public street and was injured by the backing up of the defendant's automobile.

A process server, named Nadler, employed by plaintiffs' attorney, made an affidavit that on June 20, 1934, at 268 Hollywood avenue, Crestwood, N. Y., he served the infant defendant and her mother by delivering a copy of the summons and complaint to each of them. On July 10, 1934, the father of the defendant, an attorney, served an answer.

The infant defendant became of age on September 10, 1934.

The action was placed on the calendar by plaintiffs' attorney for the March, 1936, term. The father of the defendant served a cross-notice of trial for that term.

On February 18, 1937, the action was dismissed on a general call of the calendar for the failure of plaintiffs' attorney to answer it. On March 4, 1937, a judgment of dismissal for $125.75 was entered by the attorney for the defendant, her father, who represented her.

A motion was thereafter made by plaintiffs' attorney to vacate the dismissal and by an order dated March 25, 1937, the dismissal was vacated and the case was restored to the calendar on condition that the plaintiffs pay the costs imposed of twenty-five dollars. This condition was complied with by plaintiffs' attorney who paid the costs to the attorney for the defendant and the case was placed back on the calendar.

The action appeared on the day calendar for trial on February 4, 1938, and at the request of defendant's attorney was adjourned to March 17, 1938.

On February 7, 1938, the defendant's father made a motion to compel the plaintiffs' attorney to file in the clerk's office the original summons and complaint together with the affidavit of service. This was done by the plaintiffs' attorney on February 8, 1938. In her affidavit on the motion now before the court the defendant states that this application was made by " my attorney."

On March 3, 1938, the defendant's attorney obtained an order to show cause returnable at Special Term on March 10, 1938, for a dismissal of the action on the ground that the infant defendant was not served with the summons and complaint. This is the motion now before the court for decision. On the return of this motion an order was entered on March tenth referring the issue of service upon the defendant to an official referee. On April 8, 1938, the official referee filed his report that the infant defendant was not served with the summons and complaint.

The finding of the official referee that no service was made upon the infant defendant is completely justified by the evidence before him.

The question which now arises for decision is whether the defendant subsequent to the attainment of her majority has appeared in the action so as to confer jurisdiction over her person upon the court.

It is to be noted that the plaintiffs' attorney acted throughout in the belief that service had been made upon the defendant. There is no proof that he had any reason to disbelieve the affidavit of his process server that he had made proper service upon the defendant while she was an infant. This service was alleged to have been made on June 20, 1934, and on July tenth following, the defendant's father, who is an attorney, served an answer. The service of this answer confirmed the belief of the plaintiffs' attorney that proper service had been made..

If it must be held that the court has no jurisdiction, the plaintiffs are completely out of court, since the Statute of Limitations has barred the claim.

It is my opinion, under the circumstances narrated, that the general appearance of the defendant by an attorney, after she ceased to be an infant, has validated all proceedings.

Section 237 of the Civil Practice Act provides that a voluntary general appearance of a defendant is equivalent to personal service of the summons upon him.

Several well-established principles of law may be called to the aid of the plaintiffs. To prevent injustice, which in this case is the bar of the Statute of Limitations, the courts have held on a balancing of the equities of the situation, that an unauthorized appearance by an attorney on behalf of a resident will be considered binding on the adult person for whom the attorney assumes to appear, leaving such person to his remedy against the attorney. (*Denton* v. *Noyes*, 6 Johns. 296; *Brown* v. *Nichols*, 42 N. Y. 26.) The rule is different where the party is a non-resident (*Amusement Securities Corp.* v. *Academy Pictures Distributing Corp.*, 251 App. Div. 227), or where the attorney who appears without authority is insolvent (*Denton* v. *Noyes, supra*).

There were many appearances by the father of the defendant as her attorney subsequent to the attainment of her majority. Indeed, she described those appearances as made by her attorney.

If, at any stage of the action, the party becomes an actor therein by participating in a controversy respecting the merits, there is a general appearance. (*Henderson* v. *Henderson*, 247 N. Y. 428; *Smart* v. *Haring*, 14 Hun, 276.) The making of a motion has been held to be a general appearance. (*Weaver* v. *Weaver*, 96 Misc. 476; *Dyker Heights Home for Blind Children* v. *Stolitzky*, 250 App. Div. 229.)

In view of these principles I believe that the defendant generally appeared in the action after she became of age. Her father, with whom she lived, was her attorney. Subsequent to her majority her father served a cross-notice of trial when the case was first placed on the calendar. Thereafter he moved to dismiss the action on the general call and secured a dismissal. On a motion to restore, he appeared in opposition and received twenty-five dollars costs from the plaintiffs' attorney as a condition for restoration. It was not until almost a year after this restoration that he made this motion to dismiss for lack of jurisdiction, at a time when the Statute of Limitations had run against the claim.

That the defendant when she became of age knew of these proceedings taken by her father and attorney and had authorized them can be fairly and justly implied from the attendant facts and circumstances.

The motion to dismiss is denied. Settle order.