**Robert L. O'CONNOR, Plaintiff,**

v.

**WESTERN FREIGHT ASSOCIATION and Pat Antogiovanni, Defendants.**

United States District Court
S. D. New York.

Feb. 1, 1962.

Leffler & Landau, New York City (Eugene L. Sugarman, New York City, of counsel), for plaintiff.

Lyons & Allen, New York City (Joseph P. Allen, New York City, of counsel), for Western Freight Ass'n.

James Lawrence Garrity, New York City, for Pat Antogiovanni.

CROAKE, District Judge.

This action involves a claim by plaintiff, Robert L. O'Connor, against the defendants, Pat Antogiovanni and Western Freight Association, hereinafter called "Western," for injuries allegedly sustained by plaintiff as a result of an assault and battery by the defendant Antogiovanni. The action was originally instituted in the Supreme Court of the State of New York and thereafter removed to this Court because of the diversity of citizenship of the parties.

It is undisputed that on the day of the alleged altercation plaintiff was employed by the Pennsylvania Railroad as a freight checker, and in that capacity was performing his duties at the business premises of Western which was engaged in the freight-forwarding business and was using the facilities of the Pennsylvania Railroad for the conduct of its business. There is no dispute that at the time of the event the defendant Antogiovanni was in the employ of Western and it took place at the business premises of his employer. It is also admitted that, immediately prior to the altercation, plaintiff and defendant Antogiovanni became involved in an argument and fisticuffs followed this oral exchange.

In asserting his claim against Western, plaintiff relies upon the theory that the individual defendant was acting in the furtherance of the business of his employer and that, therefore, the incident was within the scope and in furtherance of his employment.

It is the contention of the plaintiff that he refused the invitation of the individual defendant to engage in a fight but admits that, upon further urging, he consented and did engage the defendant. To substantiate his claim that the altercation was in furtherance of the business of Western, plaintiff claims that the defendant Antogiovanni stated that he was angry with the plaintiff for not doing his work properly, and that, therefore, Western is liable for the alleged tort of its employee.

Defendant Antogiovanni, as mentioned above, admits striking plaintiff, but contends that he was provoked by the acts of plaintiff, and that plaintiff accepted his invitation to fight thereby consenting to the alleged tort.

Defendant Western urges that the provocation for the fight was not in furtherance of its work but rather because of personal animosity between the two men.

The evidence at trial was conflicting but, in the opinion of this Court, the following facts were proved. At approximately 9:30 A.M. on May 1, 1959 defendant Antogiovanni requested plaintiff to check a shipment which had just been received. Plaintiff disregarded the request but instead did work which was assigned to him by one Vincent, Antogiovanni's boss. Antogiovanni became an-

gered. Later the same day, an oral exchange occurred between the two men, at which time defendant Antogiovanni invited plaintiff to fight. Plaintiff refused, and indicated that he would fight at the noon hour, off the business premises of Western. He stated further that the defendant persisted, stating that he did not wish to postpone the fight, whereupon the plaintiff responded in words or substance to the effect: "All right, let's fight," and put up his arms and fists. The fight ensued, during which defendant struck a blow which caused the plaintiff to fall. As he fell, plaintiff's ankle struck a nearby pallet, resulting in injuries to his ankle.

■ On direct examination, the defendant, Antogiovanni, testified as to his age. The Court addressed certain questions to him and his answers indicated that, at the time of the alleged incident, he was under the age of 21 years, his date of birth being April 10, 1939. When service of the summons and complaint was made upon him on January 12, 1960, he was still a minor. It was admitted by plaintiff's counsel that no attempt was made to serve the parents of Antogiovanni, or appoint a special guardian. Thus, at the outset, the Court is faced with the question of whether the service upon defendant Antogiovanni was sufficient to give this Court jurisdiction. For the purposes of deciding this question, the Court notes that defendant Antogiovanni not only formerly appeared in this action through his attorney but also testified during the trial. For the reasons set forth below, the Court is of the opinion that, although service was not proper at the commencement of this action, the subsequent appearance and conduct of defendant during trial, after attaining his majority, was sufficient to confer jurisdiction on this Court.

■ The determination of this question is governed by Rule 4(d)(2) and Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 4(d)(2) of the Rules provides that service upon a minor shall be made in the manner prescribed by the State where service is made. Rule 17(b) provides that the capacity of a person to be sued shall be governed by the law of the domicile of the person. Since defendant Antogiovanni was served in New York and is domiciled in this State, the law of the State of New York governs. Section 202 of the New York Civil Practice Act requires that a guardian *ad litem* must be appointed when an infant is made a party to an action. Section 225 of the New York Civil Practice Act requires that service of process, in cases where the infant is over 14 years of age, must be made upon the infant as well as his father, mother or guardian. The opinions of the New York courts interpreting these provisions are generally to the effect that the failure to comply with these statutory requirements renders any judgment obtained against an infant void. See Seiden v. Reimer, 190 App. Div. 713, 180 N.Y.S. 345 (1st Dept. 1920). However, in cases where the statutory procedures were not originally followed, but the infant appears in the action after attaining his majority, the Courts in New York have developed the rule that such conduct by a defendant may confer jurisdiction upon the Court. See Petker v. Rudolph, 168 Misc. 909, 6 N.Y.S.2d 296 (1938), aff'd 258 App.Div. 1040, 17 N.Y.S.2d 1020 (1st Dept. 1940); Pacilio v. Scarpati, 165 Misc. 586, 300 N.Y.S. 473 (Queens County Sup.Ct. 1937).

■ Defendant Antogiovanni now attempts to distinguish the instant case further from the Petker and Pacilio cases, supra, on the ground that his conduct after service of process on him is not sufficient to constitute an appearance. Defendant specifically points out that in the Pacilio case the motion to dismiss was made only after the jury returned a verdict. However, in the opinion of this Court, such distinctions as may exist are not controlling. The essence of the New York rule appears to be that, once a defendant attains majority, the law considers him responsible for his acts and his subsequent conduct

of appearing by an attorney and taking part in his defense confers jurisdiction over his person on this Court. Indeed, any other rule would unduly penalize the plaintiff since it prolongs the effect of statutory provisions designed to protect minors to a time when the defendant no longer is a minor.

Defendant makes the further argument that, although the defendant may waive the defense of lack of jurisdiction of this Court, the question of whether a waiver of a defense has taken place should be governed by the applicable Federal procedural law rather than State practice. He maintains that, under Rule 12(h) (2) of the Federal Rules of Civil Procedure, challenges to jurisdiction over subject matter must be considered at any time, and attempts to reinforce this contention with the argument that, under Rule 15 of the Federal Rules of Civil Procedure, liberal amendment of pleadings is allowed and, since evidence as to the defendant's age and the nature of the service was adduced at trial, the Court should treat defendant's motion to dismiss as a request to conform the pleading to proof. In this way defendant maintains that his objection to the jurisdiction of the Court is timely and has not been waived.

■ These arguments with respect to an objection under Rule 12(h) are not in point. Jurisdictional objections which can be made at any time under Rule 12 (h) relate to subject matter jurisdiction which relates to the judicial power of the district courts. See 1 Moore's Federal Practice 665 (2d Ed. 1960). The question before this Court involves jurisdiction over person and the adequacy of service. Thus defendant cannot claim the absolute right to assert this defense at any point in this litigation. His alternate argument based on the amendment provision of Rule 15 presents the question of whether any policy consideration stemming from Rule 15 would warrant a departure from the State judicial precedents mentioned above. In approaching this question, this Court is mindful of the doctrine first enunciated in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) which established the rule that, in diversity cases in the Federal Courts, the rules of substantive law to be applied should be those of the State in which the Federal Court sits. The purpose of this rule is to insure that the result of the litigation will approximate the result which would have been obtained if the action had been litigated in the State Court. The rule is, of course, modified when some federal rule or *policy* consideration runs counter to the State rule. See Byrd v. Blue Ridge Rural Electric Coop., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1956). Further, it is true that in the State courts the rules relating to service upon a minor may be considered procedural. The classification of this rule by the State Court is not determinative of this issue. As a practical matter, the rule of the Erie case has been interpreted as requiring the adoption of the State law unless some clear Federal policy requires otherwise. Defendant argues that Rule 15 of the Federal Rules of Civil Procedure embodies a policy of liberal amendment which negates the applicable State rule as to waiver in this type of case. The Court does not agree with this contention. The policy of liberal amendment embodied in Rule 15 of the Rules of Civil Procedure stems from the desire to avoid surprise and injustice between the parties, and to litigate the merits of all claims which may become known as evidence is developed at the trial. 3 Moore's Federal Practice, 804–807 (2d Ed. 1948). These policy considerations do not operate in favor of defendant in this case when he attempts to invoke technical objections to jurisdiction over his person after the age disability is removed and he has vigorously defended his interests before this Court. This Court does not find anything in Rule 15 of the Federal Rules of Civil Procedure which would prompt it to disregard the applicable State rule that the defense has been waived. Further, even if the question were treated as a question of Federal practice, the Court notes that an objec-

tion to jurisdiction over a person is usually deemed waived unless asserted by motion to set aside service of process prior to joinder of issue or in the responsive pleading. See Rule 12(b) and Rules 12(g) and 12(h) of the Federal Rules of Civil Procedure. It appears, therefore, that this Court has jurisdiction to try and determine the merits of this controversy.

At the trial, it was admitted and undisputed that the defendant, Antogiovanni, did strike the plaintiff, and that plaintiff's injuries resulted from the fight. The Court must therefore decide whether defendant, Antogiovanni, should be held to respond in damages, and further, whether his employer Western is liable for his acts under the factual circumstances of this case.

This Court is satisfied that, from the facts established at trial, plaintiff did accept the invitation of the defendant to fight after he had said in substance, "All right, let's fight." Although conflicting testimony exists as to certain background facts, it does appear that plaintiff did put down the papers in his hand, squared off with defendant and assumed a fighting stance. Indeed, this was the testimony of the witness Fugazzato who was produced by the plaintiff and who was, in fact, the only disinterested eyewitness so to testify. As noted, the Court recognizes that plaintiff at first declined defendant's invitation to fight, saying that he would fight later. There is, however, no showing that defendant, Antogiovanni, attacked plaintiff prior to the acceptance of the second invitation to fight or that any other dangerous condition existed which would have forced plaintiff to engage in this combat. The only circumstance which prevented plaintiff from refusing at that point was possible injury to his pride, but, of course, this is the dilemma of every would-be combatant. Under the circumstances, plaintiff voluntarily accepted the second invitation to fight and thereby gave his consent to this particular altercation. The Court must determine whether, under the law of New York, a person who

consents to fight may thereafter recover in the event he sustains an injury.

The applicable decisions under the law of New York indicate that, if plaintiff consents to the fight, he is without remedy for injuries resulting therefrom. The earlier cases in New York adopted the view that consent was a complete defense. See Padgett v. Siver, 7 Weekly Dig. 187 (Gen.Term 1878). In Pillow v. Bushnell, 5 Barb. 156, 161 (Gen.Term 1849), the Court indicated that it was correct to charge a jury that consent was a complete defense. All judicial opinion in more recent cases supports the view that the New York Courts would adhere to the doctrine that consent is a defense. Barton v. Bee Line, Inc., 238 App.Div. 501, 265 N.Y.S. 284 (2d Dept. 1933); Van Vooren v. Cook, 273 App.Div. 88, 75 N.Y.S.2d 362 (4th Dept. 1947); McCandless v. State, 3 A.D.2d 600, 162 N.Y.S.2d 570 (3d Dept. 1957).

In making its determination, the Court has considered Boyles v. Blankenhorn, 168 App.Div. 388, 153 N.Y.S. 466 (3d Dept. 1915), and Colly v. Thomas, 99 Misc. 158, 163 N.Y.S. 432 (Sup.Ct.Erie County 1916). Although the defense of consent was held inapplicable in both of these cases, the Court is of the opinion that the special factual situations involved in those cases has no relevance to the instant case. In any event, the latter opinion of Barton v. Bee Line, supra, rejected the reasoning of the Boyles and Colly cases, supra.

The Court also notes that the several distinguished legal authorities agree with the propriety of the New York rule. Restatement, Torts, Secs. 13, 60 (1934); Restatement, Torts, Sec. 892 (1939); Prosser, Torts, Sec. 18 (2d Ed. 1955).

The Court reaches the conclusion that plaintiff accepted the invitation to fight and that, under New York law, this consent constitutes a complete defense to this action. The action against defendant, Antogiovanni, is therefore dismissed.

In the light of this conclusion that the defendant Antogiovanni is not

liable for the alleged tort, it follows that there can be no derivative liability on the part of his employer Western. The altercation between the plaintiff and the individual employee, in any event, was not in furtherance of the business of Western and, therefore, it follows that the employer is not liable for the alleged tortious conduct of its employee. See Sauter v. New York Tribune, Inc., 305 N.Y. 442, 113 N.E.2d 790 (1953). The action against the corporate defendant is likewise dismissed.

The Clerk of the Court is hereby directed to enter judgment dismissing the complaint as to both defendants, with costs to be settled on notice. The foregoing memoranda shall constitute the Court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.