FETU FETUI JR., Plaintiff

v.

AMERICAN SAMOA GOVERNMENT et al., Defendants

High Court of American Samoa
Trial Division

CA No. 110-84

March 8, 1985

Before GARDNER, Chief Justice, Presiding, and TAUANU'U, Chief Associate Judge.

Counsel: For the Plaintiff, Stephen Ybarra
For the Defendant, Donald Greismann, Assistant Attorney General

The facts of the case are simple. They could well constitute a chapter of Joseph Wambaugh's <u>Choir Boys.</u>

One night after work plaintiff, a policeman, decided to celebrate his birthday by getting drunk with two fellow offduty officers under the banyan tree·in front of the police station. He (they) did. Plaintiff not only got drunk, he got obnoxiously drunk. Defendant Petelo Mikaele, plaintiff's long suffering senior officer, was on duty. He told plaintiff not to bring beer into the station. He did and was evicted. Defendant told plaintiff to go home. He didn't. Finally Defendant went on patrol. Somehow plaintiff got on the police radio and broadcast, "Sgt. 1-14 (defendant) I'm waiting for you at the ⸱police department. Come back and I'll put you down." Defendant returned to the station. Plaintiff grabbed him by his shirt and said, "Go ahead. Hit me." He repeated this statement, two or three times.

By this time defendant was out of patience with the plaintiff. He didn't want to arrest him because it would cost him, the plaintiff, his job. So, he acceded to the plaintiffs request and hit him. Unfortunately, when plaintiff hit the ground he suffered head injuries for which he sued defendant (otherwise he probably would be thanking the defendant for not arresting him.)

Plaintiff filed a civil rights action for this alleged battery against defendant, the Commissioner of Public Safety and ASG. He also alleges a conspiracy of the authorities in not criminally prosecuting defendant. This contention is frivolous. It is settled doctrine that the exercise of prosecutorial discretion cannot be challenged by one who himself is neither prosecuted nor threatened with prosecution. Linda R.S. v. Richard D., 410 US 615, 619 (1973); Simon vs Eastern Kentucky Welfare Rights Organization, 426 US 26 (1976). There is no equal protection issue. We return to the basic battery.

The issue is, can one consent to an intentional tort? Can someone say, "I dare you to hit me," then sue when he gets hit?

Preliminarily, the court holds that while plaintiff was drunk, he wasn't too drunk to give consent. "The question of whether the plaintiff was in such an advanced state of intoxication that he was incapable of consenting to the alleged assault and battery presents a genuine issue of material fact." Hollerund v. Malamis, 174 N.W.2d 626, 635 (Mich. App. 1970). We hold plaintiff was capable of giving consent

According to Prosser "[c]onsent ordinarily bars recovery," not because it is a defense, but because it "goes to negative the existence of any tort in the first place." Prosser & Keeton, Torts 112 (5th ed. 1984). Prosser quotes Lord Dehman in Christopherson v. Bare (1848) 11 Q.B. 473: "To say that the defendant assaulted the plaintiff by his permission . . . is a manifest contradiction in terms.") Most of the cases, though, speak in terms of consent as a defense.

The general rule is that a plaintiff who consents has no claim upon the defendant, unless there is public interest involved. Therefore there may be a different analysis if the consent is to a crime

Prosser finds that the "considerable majority of the courts" (e.g., Iowa, Kansas, North Carolina, West Virginia, Wyoming), in cases of mutual combat, have used a public policy concept to hold that the plaintiff's consent will not protect the defendant if the tort is a crime. The rationale is that a civil action helps protect the state's interest and "the parties will be deterred from fighting by the fear of liability." Prosser at 122. Prosser points out that these decisions have been widely criticized. The criticisms are that no one should be rewarded for his own part in a wrong, the state can protect its interests through the criminal law, and that the parties are likely to be encouraged by the prospects of winning in court if they are injured. A minority (e.g. Kentucky, Michigan, Nevada, Texas, Washington) accepts the view that the plaintiff may not recover if he consents to a tort that is a crime.

That's the view of the Restatement, which says "consent is effective to bar recovery in a tort action although the conduct

53

consented to is a crime." Restatement 2d, Torts, sec. 892C (1979). An example in the Restatement comes close to our case: "A and B, after an altercation, agree to a fist fight. A gives B a black eye. A is not liable to B." Restatement 2d, Torts, sec. 60, Illustration 2 (1965). It seems that in most battery cases the courts ignore the issue of the tort being a crime.

Even the courts that allow a bellicose plaintiff to collect damages usually accept consent as a fact in mitigating or disallowing punitive damages.

There are many cases saying that mere words do not excuse a battery. As absolute as their language is they are not persuasive here because they involve abusive words such as personal insults and foul language, not "hit me" type language. An exception is Nsauful v. Milligan, 187 S.E.2d 511 (S.C. 1972). The plaintiff made an insulting remark about the defendant's children. He later apologized to the defendant's wife. A few days later the defendant learned of the incident and went to the plaintiff's house. He told him he wasn't putting up with that kind of statement and put a hand on his shirt. The plaintiff threw his hands up and said, "Hit me." The court held for the plaintiff, saying that neither the comment about the defendant's children nor the words "hit me" constituted justification for the attack since there was no "accompanying offer of physical violence." Words alone cannot justify assault and battery.

In this, as in so many of these cases, the court wound up punishing the party who was in the wrong rather than following any consistent set of rules. The plaintiff may have said "hit me" but it was the defendant who was being obnoxious, the reverse of our case. And Fetui's behavior would qualify as an "accompanying offer of physical violence."

Another "hit me" case, the one most similar to ours, is O'Connor v. Western Freight Association, 202 F. Supp. 561 (S.D.N.Y. 1962). The defendant, an employee of a freight-forwarding company, asked the plaintiff, an employee of a railroad, to check a shipment. The plaintiff disregarded the request and the defendant became angry. Later the defendant invited the plaintiff to fight. The plaintiff refused, but said he would at noon, off the company's premises. The defendant persisted and the plaintiff said "All right, let's fight," putting up his fists. The plaintiff was injured. The court held that under New York law if the plaintiff consents to the fight he is without a remedy for his injuries. Since the plaintiff accepted the defendant's invitation to fight his consent constituted a complete defense.

It appears to us that the better rule is that one may, by his words and actions, consent to an intentional tort. There is something basically unjust in daring someone to hit, then demanding recourse through the courts when hit.

54

As applied to the facts of this case, plaintiff consented to the battery and may not recover--either from Petelo Mikaele, the commissioner of Public Safety or ASG.

Judgment for the defendant.